65   57<br>○ d130 254

### TRAVER v. SHINER, ADM'R.

1. **Domestic Relations:** SUPPORT OF PARENT BY CHILD: COMPENSATION. A son cannot recover of his father's estate compensation for the support of his father in his family, as a member thereof, in the absence of a contract for such compensation; and the evidence in this case (see opinion) does not support the theory that there was such a contract.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, OCTOBER 24.

THE plaintiff filed a claim against the estate of which

defendant is administrator, for the support of the intestate, in his lifetime, for fourteen years, at $100 a year. The cause was tried to a jury, and a verdict was had for plaintiff, upon which judgment was rendered. Defendant appeals.

*Smith, Carson & Harl*, for appellant.

*Wright & Baldwin*, for appellee.

BECK, J.—I. The evidence proves that the intestate lived with plaintiff, his son, for fourteen years, as a member of his family. This action is brought for the value of the support of intestate for this time.

The circuit court instructed the jury that, if they should find that the intestate, during the time plaintiff supported him, was living as a member of plaintiff's family, he cannot recover, unless they should further find from the evidence that it was understood and agreed between the father and son that the latter should receive compensation from the former for his support. Plaintiff does not deny that the intestate, during the time covered by his claim, was a member of his family, and the correctness of the rule of the instruction is not questioned. But he insists that an express contract may be inferred from declarations and other circumstances, and that the evidence in this case authorized the conclusion reached by the jury, that there was an understanding between the parties that plaintiff was to receive compensation from the intestate.

II. We fail to discover any evidence upon which a contract may be inferred. About all the evidence upon this point, which is relied upon by plaintiff, consists of declarations to third parties, in which the intestate stated that he was receiving support from plaintiff, and that he intended "some day or other to make it right," and that "he had some land, and, when he disposed of it, he intended to pay his way to George (plaintiff) and his wife." There is not one word tending to authorize the conclusion that there was any expectation on

the part of plaintiff to claim or receive compensation from his father.

Counsel for plaintiff cite and rely upon *Van Sandt v. Cramer*, 60 Iowa, 424, in support of their position that the evidence in this case authorized the jury to find that the support was received by the intestate under an agreement to pay for it. We think the case does not sustain plaintiff. The evidence in that case is not stated in the opinion. But it is said that "no other conclusion can be reached than that the intestate bound herself, before the services were rendered, to pay for them, and that she was not merely a member of plaintiff's family." In this case, the meager evidence above stated does not tend to raise an inference of a contract. Whatever the intestate said in regard to paying plaintiff was simply the expression of an intention to return kindness extended to him by his son and daughter-in-law, by payment of money to them when he should sell his land, or obtain money in some other way. It does not appear that he expressed the thought that he was under obligation to pay the son, or that he supposed the son expected payment.

We reach the conclusion that there is an utter failure of evidence to support the conclusion reached by the jury, that there was a contract between the father and son for payment on account of the father's support.

REVERSED.