BOSCH v. BOSCH ET AL.

66 701
130 251

66 701
135 59.;

66 701
141 734

1. **Appeal to Supreme Court:** TAKEN TOO LATE: INSTANCE. A decree in equity was rendered August 18, 1883, and on the same day defendants filed a motion for a new trial, based on alleged errors committed by the court. The motion was overruled January 21, 1884, and an appeal was taken June 30, 1884, but the errors assigned in the motion for a new trial were not assigned in this court. *Held* that, the appeal being taken more than ten months after the date of the decree, though within six months from the overruling of the motion, it was not taken in time to secure a trial *de novo* in this court. ·Code, § 3173,

*Appeal from Des Moines District Court.*

WEDNESDAY, SEPTEMBER 23.

ACTION IN EQUITY. The parties were partners, and this action was brought to settle the partnership accounts. From the decree the defendants appeal.

*John C. Power* and *Paul Guelich*, for appellants.

*S. L. Glasgow* and *H. F. Rohde*, for appellee.

SEEVERS, J.—There was a reference to a referee. To his report both parties filed exceptions. On the eighteenth day of August, 1883, the cause was heard on the exceptions, and the court rendered judgment for the plaintiff. On the same day the defendants filed a motion for a new trial, on the grounds that the court erred in setting aside the report of the referee, and because it erred in rendering judgment for the amount it did, because the same was not sustained by and was against the evidence. This motion was overruled on the twenty-first day of January, 1884, and this appeal taken on June 30, 1884.

It will be observed that the appeal was not taken until more than ten months had elapsed after the entry of the judgment, and counsel for the appellee insists that the appeal was taken too late to allow this court to review the action of the district court prior to the overruling of the motion for a new trial. The statute provides that appeals must be taken within six months from the rendition of the judgment or order appealed from, and not afterwards. Code, § 3173. It is quite clear, we think, that the action of the court in rendering judgment cannot be reviewed, because the appeal was not taken in time to enable us to do so. *Cohol v. Allen*, 37 Iowa, 449.

There are certain orders and decisions which may be made during the trial of a cause from which no appeal can be taken until final judgment is entered, and therefore more than six months may have elapsed from the time the decision was made before an appeal can be taken. But this fact does not affect the question under consideration, because the appeal in this case is claimed to be from the judgment. The appeal, however, was taken in time from the order overruling the motion for a new trial; but in considering this question we cannot review any of the proceedings of the court prior to the

filing of such motion. That a motion for a new trial may, under the statute, be filed in an action in equity will be conceded. It, however, must be regarded as of the same nature as a bill of review under the old practice, and which " is in the nature of a writ of error." Story, Eq. Pl., § 403.

The motion in this case was grounded on errors alleged to have been committed by the court. To enable this court to consider the errors assigned in the motion, errors should have been assigned in this court, and it is possible we might then have awarded a new trial; but appellant is not entitled to a trial *de novo*, nor can a final decree be entered ·in this court.

AFFIRMED.