[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.—REPORTER.]

---

PLUMMER *et al.* v. PEOPLE'S NATIONAL BANK OF INDEPENDENCE.

Appeal : ABSTRACT MUST SHOW THAT APPEAL WAS TAKEN. Where the abstract does not show that an appeal was taken, this court has no jurisdiction, except to dismiss the case, even though the appellee appears and raises no question of jurisdiction; for appearance does not confer jurisdiction upon an appellate court, and it is the duty of the court of its own motion to see that the case is one of which it appears to have jurisdiction.

*Appeal from Buchanan District Court.*

FILED, JUNE 10, 1887.

THIS action was brought to obtain possession of a policy of life insurance. The defendant Edgar Holmes intervened. There was a trial to the court without a jury, and judgment was rendered for the intervenor. The plaintiff appeals.

*John J. Ney,* for appellant.

*Woodward & Cook,* for appellee.

Raben v. The Central Iowa Ry. Co.

ADAMS, C. J.—This court cannot take jurisdiction of a case unless our jurisdiction appears affirmatively from the record. Where cases are submitted upon an abstract, we assume that the abstract shows the whole record, so far as it is material. If the abstract does not show that we have jurisdiction, we can do nothing but dismiss the case. The abstract before us does not show that an appeal was taken. This it should show. Rule of Court, 98. We have no jurisdiction of the case except upon appeal. It is true that the appellee appears; but appearance does not confer jurisdiction upon an appellate court. In the absence of an appeal, the appellate court lacks more than jurisdiction of the person of the appellee. It is true, also, that the appellee in this case does not raise the question of a want of jurisdiction; but a court should see to it of its own motion that the case is one of which it appears to have jurisdiction. We think that the appeal must be

DISMISSED.