TALBORT v. NOBLE.

1. **Appeal**: PRACTICE: AGREEMENT FOR SUBMISSION. An agreement that appellee's abstract shall be set aside and the cause submitted on appellant's abstract is binding on the parties, and will be observed by this court, even though appellant's abstract fails to show that an appeal was taken, and the cause must therefore be dismissed.

2. ——: ——: ——: CONSULTING TRANSCRIPT. In such case, where the stipulation made no reference to a transcript, *held* that the submission must be on appellant's abstract alone, and that appellant's claim that the transcript showed that she had taken an appeal could not be considered for the purpose of preventing the dismissal of the cause, because this court will never consult the transcript where there is no dispute as to the correctness of the abstract.

| 75 | 167 |
|----|-----|
| 75 | 537 |
| 75 | 167 |
| 84 | 402 |
| 75 | 167 |
| 85 | 736 |
| 75 | 167 |
| 86 | 746 |
| 75 | 167 |
| 115 | 688 |

*Appeal from Decatur Circuit Court.*

FILED, SEPTEMBER 8, 1888.

PLAINTIFF seeks to recover of defendant for an alleged breach of promise of marriage and for seduction. There appears to have been a trial to a jury, and a verdict and judgment for defendant. Plaintiff appeals.

*Marion F. Stookey* and *Bullock & Hoffman*, for appellant.

*E. W. Curry* and *Laughlin & Campbell*, for appellee.

ROBINSON, J.—This cause was first submitted in June, 1887. An opinion was filed at the next October term affirming the judgment of the court below, based upon the fact that an additional abstract filed by defendant showed that the evidence offered on the trial had not been made a part of the record, as required by law. After the opinion was filed, the plaintiff filed a petition for a rehearing, on the ground that, by agreement of parties, the additional abstract was to be deemed withdrawn, and the cause was to be submitted on the abstract filed by plaintiff. We found that a stipulation to that effect had been filed in this court, although it had not been called to our attention, and a rehearing was therefore granted. The cause was again submitted, and with it a motion of defendant for permission to withdraw the stipulation and objections thereto filed by plaintiff.

I. Defendant asks that the stipulation be withdrawn, and his additional abstract be considered, for the reason that the record filed by plaintiff at the time the stipulation was made did not confer jurisdiction on this court. It is true that the abstract filed by appellant did not show that an appeal had been taken; but that fact did not prevent the parties from making a valid agreement in regard to the submission of the cause in this court. Jurisdiction is conferred by the taking and perfecting of an appeal within the time and in the manner provided by law, and we determine whether we have jurisdiction of the case by an inspection of the record. This should disclose the facts in regard to the taking of the appeal, and unless it shows that one has been taken, we cannot do more than to dismiss the case. The stipulation in question was one the parties were authorized to make, and no facts are shown which would justify this court in setting it aside. The plaintiff insists that it shall be considered and treated as in full force, and we think she is entitled to have it so treated. The motion of defendant is therefore overruled.

1. APPEAL: practice: agreement for submission.

II. The plaintiff claims that the transcript shows that she took an appeal, and that the stipulation to submit the cause on her abstract was a waiver of the omission to state therein that an appeal had been taken. But the stipulation makes no reference to a transcript, and does not in terms nor in effect waive any defect in the abstract. The transcript is not consulted, as a rule, unless the parties disagree as to the record as set out in the abstract. It was therefore competent for the parties to agree that the cause should be submitted on the abstract of plaintiff, and, having so agreed, we must presume that the abstract is correct, and will not examine the transcript nor other showing as to the record. The amendment to the abstract filed by plaintiff after the stipulation was entered into must be disregarded. But we find that the abstract does not state that an appeal has been taken, nor show that a notice of appeal has been served. Therefore it is not shown that this court has jurisdiction of the cause, and it must be dismissed. *Plummer v. People's Nat. Bank*, 74 Iowa, 731; *Phillips v. Follett*, 69 Iowa, 39. If an appeal was in fact taken, we regret that plaintiff, by insisting on the stipulation, should have prevented a submission of the cause on its merits; but, having made the election, she must accept its results.                    DISMISSED.

*2. —:—: consulting transcript.*