State ex rel. Littleton v. Harbach.

THE STATE *ex rel.* LITTLETON v. HARBACH *et al.*, and another like case.

1. **Verdict:** DIRECTION BY COURT: WHAT IS NOT. An assignment of error, that "the court, on its own motion, directed a verdict against the defendants," is not sustained by a record which states that "at the close of the evidence the court, on its own motion, instructed the jury to return a verdict in form as directed."

2. **Assignment of Error:** NOT SUFFICIENTLY SPECIFIC. An assignment of error, that "the court overruled defendant's motion for a new trial," is not sufficient to raise the question in this court of the sufficiency of the evidence to sustain the verdict, where the insufficiency of the evidence was only one of five grounds on which the motion for a new trial was based.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, OCTOBER 15, 1889.

PROCEEDINGS to recover forfeiture on bonds given under the statute for the sale of intoxicating liquors. Judgment for plaintiff, and defendants appeal.

*Baylies & Baylies*, for appellants.

*J. K. Macomber*, County Attorney, and *M. D. McHenry*, for appellee.

GRANGER, J.—I. Two cases were, by consent, consolidated and submitted on the trial. Several

1. VERDICT: direction by court: what is not.

objections are urged by appellee to the consideration of the cases on the merits. But a single assignment of error is argued, and, as our view on that point must accord with that of appellee, we do not consider the objections.

The assignment argued is that "the court, on its own motion, directed a verdict against the defendants." The assignment has no support in the record. The abstract has this statement: "On December 18, 1887, at

the close of the evidence, the court, on its own motion, instructed the jury to return a verdict in each case in form as directed." This statement has reference to the form of the verdict. The instruction referred to is not set out, and we have no information as to its character from the record. We do not look to the arguments for facts, unless admitted, or what is equivalent thereto. It does not appear from the record whether or not other instructions were given, and, if so, what they are. The record does not show that the court directed a "verdict" for or against the defendants. It does show that after the instruction the jury returned on some counts of the petition a finding for, and on some against, the defendants.

II. In the first division of the opinion it is stated that but a single assignment of error is argued. Counsel have argued the question of the sufficiency of the evidence to sustain the verdict, but error in that respect is not suggested in the assignment. The nearest approach to it is that "the court erred in overruling defendant's motion for a new trial." The motion for a new trial designates as a ground therefor that "the verdict is not supported by the evidence;" but it is only one of five different reasons stated. Under repeated rulings of this court, we are to disregard assignments thus made. Among the numerous cases announcing the rule, see *Leekins v. Nordyke & M. Co.*, 66 Iowa, 471; *Kirk v. Litterst*, 71 Iowa, 71. The judgment of the district court is

2. Assignment of error: not sufficiently specific.

AFFIRMED.