GEORGE WAMBACH, Guardian, Appellee, v. GRAND
    LODGE OF IOWA LEGION OF HONOR, Appellant.

**Appeal:** TIME OF TAKING: RECORD: DISMISSAL.  Where the abstract
    showed that the cause went to trial more than ten months prior to the
    taking of the appeal, and that at the conclusion of the evidence the
    cause was taken from the jury and judgment entered for the plaintiff,
    and there was no other showing as to the date of the rendition of the
    judgment appealed from, *held*, that the appeal was taken too late,
    and must be dismissed for want of jurisdiction to entertain it.

*Appeal from Hamilton District Court.*—HON. J. L.
            STEVENS, Judge.

            FRIDAY, MAY 19, 1893.

    ACTION on a beneficiary certificate.  Judgment for
the plaintiff, and the defendant appealed.—*Dismissed.*

    *J. L. Kamrar* and *A. St. Clair Smith,* for appellant.

    *Wesley Martin* and *Geo. Wambach,* for appellee.

    GRANGER, J.—It is suggested by the appellee that
the abstract is an affirmative showing that the court is
without jurisdiction.  An appeal must be taken "within
six months from the rendition of the judgment or
order appealed from; not afterwards."  Code, section
3173.  Time, in taking an appeal, is a jurisdictional
fact.  It must affirmatively appear.  Where the juris-
dictional facts do not appear, the appeal must be dis-
missed.  *Plummer v. People's Nat. Bank,* 74 Iowa, 731.
Appearance does not cure the defect.  *State ex rel. v.
Clossner,* 84 Iowa, 401, and authorities there cited.
The abstract shows that upon the filing of the answer,
February 9, 1891, "this action came on for trial to a
jury," etc.  At the conclusion of the evidence the

court sustained a motion to take the case from the jury, and enter judgment for the plaintiff. This is the only showing in the abstract as to the date of the judgment. The abstract then shows that "on the fifteenth day of December, 1891, the defendant appealed to this court, by serving notice," etc. It thus appears from the abstract that the appeal was taken some ten months after the judgment or order appealed from. We are in such a case entirely without jurisdiction. Of our own motion, we are required, before trial, to "see to it" that a case is one of which we have jurisdiction. *Plummer v. Bank, supra.*

The appeal must be, and is, DISMISSED.