F. I. MOFFITT, *et al.*, v. HENRY ALBERT, JR., *et al.,* Appellants.

Practice: INTERVENTION. The jury found a general verdict for an attachment plaintiff, found that interveners did not own the attached property, also that they did own same *when the attachment levy was made*. The special finding and the general verdict, thus, not being necessarily in conflict. *Held*, it was unnecessary to make an order, under Code 3016, to protect such interest, if any, as the jury found interveners to possess, especially, as the summary proceeding provided for by said section, was not adopted by interveners, and they did not ask for such order after the return of the special findings.

SAME: *Judgment on Special Findings.* In the absence of a request for judgment on the special findings, a judgment upon the general verdict will stand, unless that verdict and the special findings cannot both stand.

MOTION IN ARREST. Inconsistency between a special finding and a general verdict, cannot be taken advantage of by motion in arrest.

NEW TRIAL. A conflict between a special finding and a general verdict is not ground for a new trial.

Practice Supreme Court: PRESUMPTIONS. In an action for rent, aided by attachment, the jury found generally for plaintiff, and that certain intervening claimants were not the owners of the property attached. It also found specially, that said interveners, did own the attached property *at the time it was levied upon*. *Held*, in order to sustain the judgment rendered below for the plaintiff, it will be presumed, on appeal, that plaintiff had acquired the right to attach for rent due, *before* interveners acquired any interest in it.

ASSIGNMENTS. Assignments that court erred in overruling a motion in arrest of judgment, and in overruling a motion to set aside the verdict, each of which assert several grounds, are not sufficiently specific.

*Appeal from Cedar District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, FEBRUARY 5, 1896.

ACTION at law, aided by a landlord's attachment, to recover an amount due as rent under a lease of real estate. A petition of intervention was filed, there was a trial by jury, and a verdict and judgment for plaintiffs. The interveners appeal.—*Affirmed.*

*Wright & Wright* and *Charles W. Kepler* for appellants.

*Preston, Wheeler & Moffit* for appellees.

ROBINSON, J.—In August, 1889, the plaintiffs leased to defendant, Henry Albert, Sr., certain real estate, for the term of five years from the first day of March, 1890, at an annual rental of one thousand two hundred and seventy-eight dollars. This action was brought to recover rent due under the lease. The jury found that the defendant was indebted to the plaintiff in the sum of four hundred and thirty dollars and seventy-nine cents, and judgment was rendered in favor of the plaintiff for that amount, and for the sale of the attached property. The defendant did not except to the judgment, and does not appear to be interested in this appeal. The interveners are Henry Albert, Jr., and August Albert, sons of the defendant. They claim to be the absolute and unqualified owners of certain horses, cattle, hogs, sheep, and other personal property, upon which the writ of attachment was levied; that the defendant never owned the property so claimed, nor any part of it, and that it was not subject to the attachment for the payment of the amount due from the defendant. The evidence is

not before us, but a stipulation of the parties shows that some of the evidence offered, tended to show that the property in question belonged to the defendant; some of the evidence tended to show that the property belonged to the interveners, and some tended to show that it belonged to the defendant and the interveners. The verdict of the jury on the claim of the interveners, was as follows: "We, the jury, find against the interveners, Henry Albert and August Albert, that they are not the owners of the attached property." A special interrogatory was submitted to the jury, and answered, as follows: "Who were the owners of the property described in the sheriff's return, and which was levied upon by the sheriff in this action at time of said levy? Answer, Henry Albert, Sr., and sons." The interveners filed motions in arrest of judgment, and to set aside the verdict, which were overruled.

I. The motion in arrest of judgment is based upon two grounds, which present different questions, and the motion to set aside the verdict is on more than two grounds, and involves several questions. The first assignment of errors, alleges that the court erred in overruling the motion in arrest of judgment. The second assignment refers, in substantially the same terms, to the ruling on the motion to set aside the verdict. Neither of these assignments is sufficiently specific to present any question for our determination. *Blocker v. Schoff*, 83 Iowa, 265 (48 N. W. Rep. 1079); *State v. Harbach*, 78 Iowa, 476 (43 N. W. Rep. 272); *Duncombe v. Powers*, 75 Iowa, 185 (39 N. W. Rep. 261); *Armstrong v. Killen*, 70 Iowa, 52 (30 N. W. Rep. 14).

II. It is said that the special finding is inconsistent with the general verdict. If that be conceded, it does not follow that the motion in arrest of judgment should have been sustained. Such a motion

lies, after trial, when the facts stated in the petition do not entitle the plaintiff to any relief whatever. Code, section 2650. But it is not claimed that the petition of the plaintiffs is defective, and defects in the petition of the intervener would not entitle them to relief. A conflict between a special finding and the general verdict is not a ground for a new trial. If they are inconsistent, the special finding controls, and judgment may be given accordingly. Code, section 2809. But the interveners did not ask for judgment on the special finding, and the judgment rendered cannot be disturbed, unless it appears that the general verdict is so inconsistent with the special finding that both cannot stand. *Phoenix v. Lamb*, 29 Iowa, 352. The stipulation of the parties shows that there was evidence to sustain the general verdict. The special finding shows that the defendant and the interveners were the owners of the property upon which the attachment was levied, and, although the date of such ownership is not fixed, it may be presumed to have existed at the time of the levy. But it may have been that the plaintiff had acquired a right to seize the property, by attachment, for the rent due, before the interest of the sons was acquired, and that their rights were subject to those of the plaintiff. We must presume, in the absence of the evidence, that this was the case; and if it was, there is no inconsistency between the special finding and the general verdict.

III. It is said that the court erred in not making such an order, by virtue of section 3016 of the Code, as would protect the interests of the interveners, which the jury found to exist. The summary proceedings for which that section provides, were not adopted in this case. The appellants intervened in the action, which was so tried that the entire case, as to

the defendant and interveners, was submitted to
the jury at one time.    But it is immaterial whether
the case falls within the section specified or the gen-
eral provisions of the law permitting interventions,
for the reason that the record does not show that the
interveners were entitled to any relief.   As we have
seen, the general verdict and the special finding are
not necessarily inconsistent, and we cannot presume
that they are, nor that the interest of the interveners
was of a character to require an order for its protec-
tion.  A further answer to this claim of the appellants
is that they are not shown to have asked for such an
order, after the special finding was returned.   In view
of the pleadings and the general verdict, we think
this should have been done, if the interveners were
entitled to that relief.

        IV.    The appellants discuss various questions, few
of which are raised by the assignment of errors.   Some
of them relate to the omission of the district court to
grant relief, which was not asked, and others are gov-
erned by the views we have already expressed.   None
of them are of sufficient importance to require special
mention.    It is sufficient to say that we have not
found any ground for disturbing the judgment of the
district court and it is AFFIRMED.