Patterson *v.* Bank.

PATTERSON *v.* BANK.

(*Knoxville.*    November 18,  1898.)

1. REHEARING.    *Petition filed within ten days.*

A petition to rehear must, under the rules of the Court, be filed within ten days after the decision is announced, and not within ten days after decree is entered.    (*Post, p. 512.*)

Case cited: Adams *v.* Sharon, 89 Tenn., 335; Rules, 89 Tenn., 773.

2. APPEAL.    *Dismissed, when.*

An appeal from the Court of Chancery Appeals, taken more than ten days after final decree, is barred, although a petition to rehear, which was afterwards and within ten days before appeal properly dismissed, was pending at the time the decree was entered.    (*Post, pp. 512–514.*)

Act construed: Acts 1897, Ch. 131.

FROM  GREENE.

Appeal from Chancery Court of Greene County. JOHN P. SMITH, Ch.

HARMON & SWINGLE for Patterson.

WILSON & PIPER and SHOUN & SUSONG for Bank.

SNODGRASS, C. J.    In this cause the opinion of the Court of Chancery Appeals was delivered and filed April 11, 1898.    That Court has the same rule as this—that petitions to rehear must be filed

within ten days. This means ten days from the decision, as declared in the opinion, and not ten days from the entering of a decree thereon. 5 Pickle, 773, Rule 17; *Adams* v. *Sharon*, 5 Pickle, 335. A petition to rehear was filed April 28. It was correctly dismissed by the Court, on the ground that it was filed too late. The decree of dismissal was made May 11. In the meanwhile a final decree had been entered April 21, from which no appeal had been taken. But when the decree dismissing the petition to rehear was entered, May 11, the defendants prayed and were granted an appeal from that decree, as well as the final decree, entered, as already shown, on April 21, twenty days preceding.

A motion is now made here, by the appellee from the final decree, to dismiss the appeal to this Court, because prayed and granted in the Court of Chancery Appeals more than ten days after such final decree. This motion is well taken. The Act of 1897, Ch. 131, p. 312, provides that, ''hereafter no writ of error, or appeal in the nature of a writ of error, shall be taken to the Supreme Court from any decree of the Court of Chancery Appeals after the expiration of ten days from the decree of the Court of Chancery Appeals.'' Defendants' appeal, when granted, could not therefore bring up the case for revision, and could, at most, only raise the question of error as to dismissal of petition to rehear, and this we have seen was correct.

Complainants insist that their right of appeal was

preserved by the pendency of their petition to rehear, but this could not be so, because, as we have seen, they had no petition filed with ten days from the delivery of the opinion.    But if they had, it would have been immaterial, because a petition to rehear not · only does not vacate a decree complained of, but does not even suspend it.

It is well settled that the pendency of a petition to rehear does not, *per se*, prevent the execution of a final decree, and parties may proceed to have it executed notwithstanding such petition, unless restrained by some order of the Court made thereon. That the Court, in a proper case, might vacate such a decree on the filing of a petition, and, upon its dismissal, again render a final decree, from which an appeal in ten days would lie, may be true, but no such action was taken in this case, even if the practice would be sustainable in a proper case, which we do not decide, but merely suggest, in this connection, for consideration when such question arises, and that it may not appear that any relief was impossible under the practice indicated.

We are all the more satisfied to lay down the rule in this case, because, if we could have considered it upon appeal, we are content with the decree on the merits.    We have read the very careful and able opinion of the Court of Chancery Appeals, and, except in its assumption that the proceedings in the Greene County Court might be taken as a suggestion of insolvency, and in some other

17 p—33

minor particulars, we are satisfied with it. Whatever the nature of that proceeding, the Court of Chancery Appeals finds defendants were parties thereto, and were before the Court by filing claims, and and had full opportunity to contest the administratrix's settlements, which they did not do. The result is, the appeal must be dismissed, and the case remanded for execution of decree of the Court of Chancery Appeals. Such cost as has accrued on appeal from that Court to this will be paid by appellants.