IN RE ESTATE OF L. BISHOP, Deceased, N. E. HAYDON, Claimant, Appellant, v. O. H. PEARSON, Admr'x, Appellee.

**Appeal from order denying a new trial.** The time within which 1 an appeal may be taken from an order denying a new trial does not commence to run until actual entry of the order.

**Same.** An appeal may be taken from an order denying a new trial 2 although judgment may have been entered prior thereto; and the entry of judgment is no indication that a motion for a new trial has been disposed of.

**Estates of decedents: CLAIMS: FAMILY SERVICES: EVIDENCE.** Serv- 3 ices rendered a deceased by a member of his family are presumptively gratutious, but the question of whether claimant was a member of deceased's family is for the jury, where there is a substantial conflict in the evidence.

*Appeal from Polk District Court.*— HONS. JOSIAH GIVEN and W. H. McHENRY, Judges.

TUESDAY, MARCH 13, 1906.

PROCEEDINGS for the establishment of a claim against the estate of L. Bishop, deceased. The case was originally tried before Judge Given, resulting in a directed verdict for defendant. Judgment was rendered upon the verdict, and costs taxed to claimant. Thereupon, and within three days from the return of the verdict, claimant filed a motion to set aside the verdict and for a new trial, and upon June 14, 1904, filed an amendment to this motion. Judge Given having in the meantime retired from the bench, the motion for new trial was submitted to his successor, Judge McHenry, who denied it upon the ground that it had already been overruled by Judge Given; and Judge McHenry directed the entry of a *nunc pro tunc* order showing the overruling of the motion by Judge Given as of date Octo-

ber 17, 1903, being the day upon which the original judgment entry was spread of record, although that entry bears date October 15, 1903. Judge McHenry's order was made June 15, 1904. On December 6th claimant perfected an appeal to this court.— *Reversed.*

*Crockett, Gillespie & Bannister,* for appellant.

*Clark & McLaughlin* and *McLennan & Brennan,* for appellee.

DEEMER, J.— The first point presented is one of practice. The appeal was not taken within six months from the rendition of the original judgment; and, if there be any appeal which we may consider, it is from the

1. APPEAL FROM ORDER DENYING NEW TRIAL.

order overruling claimant's motion for a new trial or from Judge McHenry's order of date June 15, 1904. If Judge McHenry properly directed the entry of the *nunc pro tunc* order overruling the motion for a new trial as of date October 17, 1903, then an appeal from that order will lie, for the reason that it was not appealable until actually entered of record. *Kennedy v. Bank,* 119 Iowa, 123.

On the other hand, if Judge McHenry was in error in ordering this *nunc pro tunc* entry and in overruling claimant's motion for a new trial upon that ground, then an appeal will lie from his order. That appeal

2. SAME.

may be taken from a ruling on a motion for a new trial, notwithstanding judgment has theretofore been entered is well settled. *Boyce v. Timpe,* (Iowa) 89 N. W. 83; *Baldwin v. Foss,* 71 Iowa, 389; *Patterson v. Jack,* 59 Iowa, 632; *Bosch v. Bosch,* 66 Iowa, 701.

Indeed, it is the practice in many districts of this state to enter judgments immediately upon the return of a verdict, and the statute seems to countenance, if not to direct, such practice. This, of course, does not prevent the de-

feated party from moving for a new trial, and, if his motion be filed in time, he is entitled to a ruling thereon, and, if beaten, may appeal from the order denying his motion. So that the entry of judgment is no indication that the motion for new trial has been disposed of, nor does it necessarily involve the merits of the motion.

It is entirely immaterial, then, whether we treat the appeal as from the order of Judge McHenry, or from the one entered for Judge Given *nunc pro tunc;* for in either event the question to be considered is the correctness of the ruling on the motion for new trial. Judge McHenry did not find that a ruling on the motion inhered in the judgment dismissing claimant's petition and taxing the costs to her. On the contrary, he directed a separate entry showing the overruling of claimant's motion as of date October 17th, while the date of the judgment entry is October 15th.

II. The motion for new trial presents the question, was the court in error in directing a verdict for the administrator? Judge Given was of opinion, and held, that the

3. Estates of **claimant** could not recover because she had
DECEDENTS:
claims: family not overcome a presumption that her services
services:
evidence. rendered the deceased were gratuitous; and the verdict was directed on that theory.

The testimony introduced showed that claimant did furnish board for the deceased and do his washing; but the court was of opinion that the circumstances under which they were rendered presumptively negatived any implied promise to pay therefor, and, as there was no evidence of any express promise or understanding that deceased was to pay or claimant to receive compensation, plaintiff could not recover.

Such presumptions as the trial court thought arose in this case are based upon the proposition that, as the person performing the service is a member of the family of the one for whom they are furnished, no implied promise arises by reason of the reciprocal rights and duties of the parties.

Ordinarily, where one renders service for another, which is known to and accepted by that other, the law implies a promise on his part to pay therefore; but, where the party rendering the service is a member of the family of the person served, receiving support therein, a presumption arises that such services are gratuitous. *Scully v. Scully's Ex'r,* 28 Iowa, 548. This presumption only arises when the family relation is shown. *Marietta v. Marietta,* 90 Iowa, 201. And when the reason for the rule ceases, the rule itself does not apply.

A family has been defined to be a collection, or collective body, of persons (not necessarily related), who live under one roof and under one head or management. In the present case there was sufficient evidence to take the case to a jury upon the proposition that claimant was not a member of the family of L. Bishop at the time the services were performed. Appellant, who is and was a widowed daughter of the deceased, left the home of her parents many years ago. She had married, raised children, and was living upon, and with the help of her children, managing her own farm. Deceased was a man of some means, and claimant was under no duty to support him. He asked permission of claimant to come and board with her. Although advanced in years, he was in good health down to a short time before his death. He supplied his own bedclothing and was given a room to himself. He declined to do any work for claimant or the members of her family and never contributed anything, either of money or labor, toward the support of claimant or her family. He recognized no headship to the family in which he was living, and a jury would have been justified in finding that he did not consider such few things as he did as any recompense for what he was receiving from claimant. It might also have found that deceased promised and declared that he would pay for his board or "keep," that he had quit work and was going to pay his way. Under these circumstances, it was for the

jury to say whether or not deceased was such a member of plaintiff's family, or she of his, that a presumption arose of gratuitous service in his behalf. The case is ruled by *Rogers v. Millard*, 44 Iowa, 466; *Marietta v. Marietta*, 90 Iowa, 201; *Wence v. Wykoff*, 52 Iowa, 644, and other like cases. *Traver v. Shiner*, 65 Iowa, 57, is not in point.

The order overruling the motion for a new trial is reversed, and the case remanded for a new trial.— *Reversed.*