William McLaughlin v. J. C. Hubinger Bros. Company, Appellant.

**Appeal:** JUDGMENT: NEW TRIAL: SCOPE OF REVIEW. An appeal lies from a judgment notwithstanding the pendency of a motion for new trial; and those matters necessarily inhering in the judgment will not be reviewed on appeal from the ruling on the motion for new trial, which is taken more than six months after the rendition of the judgment.

*Appeal from Lee District Court.*— Hon. Henry Bank, Jr., Judge.

Monday, October 21, 1907.

Suit to recover damages for personal injury. Trial and judgment for the plaintiff, from which the defendant appeals.— Appeal *dismissed.*

*D. F. Miller* and *W. J. Roberts,* for appellant.

*Hughes & Sawyer,* for appellee.

596 McLaughlin v. Hubinger Bros. Co. [135 Iowa

SHERWIN, J.— A judgment for the plaintiff was entered on the 6th of January, 1906. By consent the defendant was given time in which to file a motion for a new trial, and on the 22d of January, 1906, within the time agreed upon, a motion for a new trial was filed. The motion was overruled on the 12th of May, 1906, and on the 20th of October following the defendant perfected an appeal to this court.

It will be observed that the appeal from the ruling on the motion for a new trial was taken more than six months after the judgment was entered. Code, section 4110, provides that appeals to the Supreme Court may be taken at any time within six months from the rendition of the judgment or order appealed from, and not afterwards. While the ruling on a motion for a new trial is an appealable order under section 4101, and an appeal therefrom more than six months after the rendition of the judgment will give this court jurisdiction to consider all matters presented therein which do not inhere in the judgment, we have repeatedly held that, when the time has passed within which an appeal may be taken from the judgment before the appeal is taken from the ruling on a motion for a new trial, we have no jurisdiction to review any of the proceedings which culminated in the judgment and necessarily inhere therein. *Cohol v. Allen,* 37 Iowa, 449; *Carpenter v. Brown,* 50 Iowa, 451; *Patterson v. Jack,* 59 Iowa, 632; *Bosch v. Bosch,* 66 Iowa, 701; *Palmer v. Rogers,* 70 Iowa, 381; *Wambach v. Grand Lodge,* 88 Iowa, 313; *Jones v. C. & N. W. Ry. Co.,* 36 Iowa, 68. In *Wambach v. Grand Lodge, supra,* we said: "Time in taking an appeal is a jurisdictional fact. It must affirmatively appear. Of our own motion, we are required, before trial, to ' see to it ' that a case is one of which we have jurisdiction." See, also, *Plummer v. People's Nat. Bank,* 74 Iowa, 731. The rule that an appeal from all questions inhering in the judgment must be taken within six months from the rendition of the judgment is a salutory one. An

appeal lies from the judgment notwithstanding the pendency of a motion for a new trial. *Hunt v. Iowa Central Ry. Co.,* 86 Iowa, 15; *Stewart v. Equitable Life Ass'n,* 110 Iowa, 528; *Ellis v. Leonard,* 107 Iowa, 487. And if the same questions may be presented in an appeal from the judgment and in an appeal from the ruling on a motion for a new trial, two appeals may be pending at the same time, presenting for determination precisely the same questions, and this was not the intention of the Legislature. Exceptions were taken to all of the matters urged as grounds for a new trial, and under the rule of the cases heretofore cited every question presented therein was a part of the proceedings culminating in the judgment rendered on the 6th of January, and we have no jurisdiction to now review them.

The appeal is therefore *dismissed.*