MUELLER LUMBER COMPANY v. JOHN MCCAFFREY,
Appellant.

**Appeal:** MOTION FOR NEW TRIAL: TIME FOR PERFECTING.   Errors presented in a motion for a new trial will be reviewed where an appeal from the ruling thereon is taken within six months, although the time for appealing from the judgment in the action had expired.

**Partnership:** PAYMENT OF FIRM DEBTS BY CONTINUING PARTNER.   The agreement of a partner continuing the business that he will pay the firm debts in consideration of a transfer to him of the interests of the retiring partners in the firm property may be enforced.

**Same:** DELAY IN BRINGING SUIT: ACCEPTANCE OF AGREEMENT.  · Delay in suing on the agreement of a continuing partner to pay the firm debts will not defeat the action, unless barred by statute; and commencement of action is a sufficient acceptance of such agreement.

**Same:** RESCISSION.   A continuing partner who agreed to pay the firm debts· in consideration of a transfer to him of their interests in the property, can not avoid liability therefor on the ground of rescission, where he had made no offer to return the consideration received; and such failure can not be excused by a showing that the retiring partners did not desire a return of the property.

**Appeal:** FORFEITURE: PRESUMPTION.   Where a continuing partner agreed to pay the firm debts in consideration of a transfer to him by the retiring partners of their interest in the property, he can not urge on appeal from a judgment in favor of a creditor that a lease of mining property held by the firm had been forfeited at the time·of the transfer to him, and that there was no consideration for his assumption of the debts, where the record did not show a forfeiture; as a forfeiture will not be presumed.

**Partnership:** ASSUMPTION OF INDEBTEDNESS: FRAUD: EVIDENCE.  In an action by a firm creditor to recover of one partner continuing the business on the strength of his agreement to pay the firm debts, the evidence is held insufficient to show that a retiring partner had knowledge of false representations made to defendant regarding the condition of the property.

*Appeal from Scott District Court.*—HON. A. B.
BARKER, *Judge.*

SATURDAY, DECEMBER 19, 1908.

REHEARING DENIED THURSDAY, MARCH 18, 1909.

JACK and H. S. McCaffrey and C. W. Major became indebted to plaintiff for lumber in the sum of $324.76 and for material to the Penn Oil & Supply Company in the sum of $63.31, which was assigned to plaintiff.  On December 8, 1904, the defendant entered into a written agreement with said persons to pay the same.  It appears that they were in partnership in the opening and improvement of a coal mine in Illinois with a view to its operation. The Henepin Coal Company had been incorporated by them, but neither the property nor their lease of the land had been transferred to it, the land belonging to John McCaffrey Towing & Mining Company, of which defendant was principal stockholder.  According to the recitals in the contract, the lease has been forfeited.  All the property acquired by the parties first mentioned, together with the lease, tracks, tools, machinery, and the like used in connection with the mine, were turned over to defendant in consideration of his agreement to pay the debts of the copartnership.  Several defenses were interposed, all of which were resolved by the court and jury against defendant, and he appeals.—*Affirmed.*

*Sharon & Donegan,* for appellant.

*Isaac Petersbergher,* for appellee

LADD, C. J.—The appeal was not perfected within six months from the entry of judgment, and for this rea-

son errors in the record other than disclosed in the motion
for new trial can not be considered. The
order overruling the motion for new trial
was within six months before the appeal,
and for this reason is reviewable in this
court. Section 4110 provides that: "Appeals from the
superior and district courts may be taken to the supreme
court at any time within six months from rendition of the
judgment in any cause or order appealed from and not
afterward." Section 4106 obviates the necessity of filing
a motion in order to challenge any ruling in the record,
and this even though such motion be pending at the time.
*Hunt v. Railway,* 86 Iowa, 15. The ruling by which a
motion for new trial is overruled remains an appealable
order, however, and the subject of review. *In re Estate
of Bishop,* 130 Iowa, 250. The result is, a litigant may,
but is not required to, challenge the correctness of the
court's rulings a second time. Section 3755 of the Code
expressly authorized a motion for new trial based on any
or all of nine grounds. These need not be enumerated.
It is enough for present purposes to say that one of these
is "for error of law occurring at the trial," excepted to by
the party making the application, and another that the
verdict is not sustained by sufficient evidence. The mani-
fest design of such motion is to enable the court to review
its rulings entered during the trial at greater leisure and
upon full investigation, to the end that, if errors are dis-
covered, these may be corrected, rather than the parties be
put to the trouble and expense of an appeal. The ruling
on each point raised, though it may be but a repetition
of a previous ruling, is quite as decisive. The statute ex-
pressly authorizes either party to challenge the correctness
of any ruling during the trial by motion for new trial, and
he is entitled to a ruling thereon. This involves a decision
covering each ground of the motion, and, as the order
granting or denying a new trial, is appealable. This neces-

*Marginal note:* 1. APPEAL: motion for new trial: time for perfecting.

sarily authorizes a review of each of the several grounds asserted. For this reason, separate assignments of error were exacted under a former statute requiring assignments of error. *Moffit v. Albert,* 97 Iowa, 213. Because errors asserted in a motion for new trial appear in the record and might be taken advantage of on appeal, had no such motion been filed, furnishes no ground for saying that they may not be reviewed when raised in a motion for new trial, if the appeal from the ruling thereon be timely, even though more than six months has elapsed since judgment. *Kendall v. Lucas County,* 26 Iowa, 395. Otherwise, the right to appeal from the ruling on a motion for new trial, save because of something transpiring subsequent to the verdict or decree, would be valueless. In the recent case of *McLaughlin v. Hubinger Bros. Co.,* 135 Iowa, 595, it appears to have been held in such a case that only errors not inhering in the judgment may be reviewed. The decision last above cited, in which the contrary was held, evidently was overlooked, and the authorities relied on do not appear upon closer examination, to support the conclusion. In *Cohol v. Allen,* 37 Iowa, 449, the amendment to the motion for new trial was treated as a petition therefor on the ground of newly discovered evidence, and the motion for new trial at once overruled, and judgment entered. The amendment was ruled on long after, and, as the appeal was taken more than six months subsequent to the entry of judgment, only the ruling on the amendment was considered. In *Carpenter v. Brown,* 50 Iowa, 451, the petition for new trial on the ground of newly discovered evidence was filed more than six months after the entry of judgment, and therefore after all right to appeal from rulings inhering therein had expired. In so far as appears, there was no motion for new trial. In *Patterson v. Jack,* 59 Iowa, 632, the motion for new trial was not filed until four months after judgment, and was therefore too late, save on the ground of newly discovered evi-

dence, and for this reason none other than the ruling on this ground was reviewed. In *Bosch v. Bosch,* 66 Iowa, 701, the appeal was ten months after the entry of judgment, and, though the motion for new trial was overruled within six months prior to the appeal, no assignments of error were made, and for this reason the court declined to consider those argued and dismissed the appeal. In *Jones v. Railway,* 36 Iowa, 68, the court merely held that the ruling on a motion for change of venue might be challenged on appeal from the judgment subsequently entered. It does not appear in *Wambach v. Grand Lodge,* 88 Iowa, 313, whether a motion for new trial had been filed. In *Palmer v. Rogers,* 70 Iowa, 381, the court adjudged that in an appeal from final judgment an order setting aside default may be reviewed. There are decisions in other jurisdictions to the effect that time of appeal may not be extended by delay in ruling on motions for new trial, but these are based on statutes limiting the period within which an appeal may be taken from the entry of judgment and not, as in this state, from the entry "of judgment or other orders." *Houser v. Hargrove,* 29 Cal. 90 (61 Pac. 661); *Vickers v. Tyndall,* 168 Ill. 616 (48 N. E. 214); *Hill v. Hill,* 114 Mich. 599 (72 N. W. 597); *Patterson v. Greenville National Bank,* 101 Tenn. 511 (48 S. W. 225). Other authorities are to the effect that, where a motion for new trial is essential to a review of errors assigned, there is no final judgment, within the meaning of the statute relating to appeals, until the ruling on the motion. *Atkinson v. Williams,* 151 Ind. 431 (51 N. E. 721); Thompson, Trials, section 2730; *Sharp v. Brown,* 34 Neb. 406 (51 N. W. 1030); *Snow v. Rich,* 22 Utah, 123 (61 Pac. 336).

The theory of these last decisions is that, though judgment has been entered, if the motion is filed in proper time, the proceeding is *in fieri* until the motion is denied, and until then the judgment must be considered as in

paper or as suspended as a role, in the common-law sense by the motion.  All this is obviated by the statutes of this State, which authorize an appeal from the judgment or order entered on the motion, for new trial.  The appeal may be prosecuted notwithstanding the pendency of the motion.  *Hunt v. Railway,* 86 Iowa, 15.  And there is no apparent reason for saying that the ruling on the different grounds set up in the motion for new trial may not be reviewed, even though the time has elapsed in which the original record might furnish the basis of review.  Certainly, the errors alleged in the motion have not been waived, for the statute expressly authorizes presenting them in this way.  The Code seems to contemplate the entry of judgment immediately upon the return of the verdict or announcement of its finding by the court, and, unless a litigant may rely on the correction of errors in an appeal from the order sustaining or overruling the motion for new trial, he will be driven in many cases to carry his case to the appellate tribunal before he can know whether the relief will be granted by the *nisi prius* court.  If anything, the ruling on the motion for new trial is of greater significance than that originally made, being with greater deliberation and with an adequate perspective of the entire trial.  Errors therein should be quite as available on appeal as when made during the previous trial or hearing. For the reasons stated, we are inclined to recede from the ruling in *McLaughlin v. Hubinger Bros. Co.,* 135 Iowa, 595, and follow the rule as announced in *Kendall v. Lucas County,* 26 Iowa, 395, more than forty years ago.

II.  It appears that defendant's two sons and one Major were in partnership in the development of a coal mine in Illinois, which the firm had leased of the John McCaffrey Towing & Mining Company, of which defendant was principal stockholder.  As matters did not progress satisfactorily, defendant, in consideration of the transfer of

2. PARTNERSHIP: payment of firm debts by continuing partner.

all the partnership property to him, agreed to pay the debts of the firm, including that to the plaintiff and to another since assigned to it.  As this contract with the copartnership was made for the benefit of plaintiff and its assignor, it can maintain the action.  *Johnson v. Collins,* 14 Iowa, 63; *Beeson v. Green,* 103 Iowa, 406.

Delay in suing thereon would not defeat the action, unless barred by the statute of limitations. The beginning of an action on such a contract is a sufficient acceptance thereunder.

3. SAME: delay in bringing suit: acceptance of agreement.

There was no evidence whatever of rescission.  The defendant neither advised any member of the firm of an intention to rescind, nor tendered back any of the property received.  The consideration stipulated was received in part at least, and to rescind for failure of consideration that received should have been tendered back.  What the other party to a contract may think of his wanting the property had it been tendered is not important, in view of there being no indication of a purpose to rescind on the part of the vendee.

4. SAME: rescission.

The suggestion that, as the lease was forfeited, the lumber on the premises became the property of the lessor, is not based on the record, for the terms of the lease are not disclosed, and the forfeiture of property will not be presumed in the absence of any proof.  Nor was there error in the first instruction, for, though the agreement recited that the lease had been forfeited, it in express terms assigned all the right, title and interest of the copartnership in it to the defendant.  No prejudice could have resulted if it were otherwise.

5. APPEAL: forfeiture: presumption.

Whether the contract was induced by fraud was fairly submitted to the jury.  The court instructed that relief could only be had upon finding that Henry McCaffrey knowingly misrepresented that the water had all been

pumped out of the mine except a few days' pumping, and it is contended that, inasmuch as Henry ac-

6. PARTNERSHIP: assumption of indebtedness: fraud: evidence.

quired this information from Major, and Major was in actual charge of the mine, the knowledge of its falsity by Major would suffice, as what Henry said was in behalf of the copartnership. Without deciding the point, it is sufficient to say that Major was not shown to have had such knowledge. Henry testified that: "There was a man that Mr. Major had in charge of the pumping that misrepresented the entire works in the mine. I made the statement to defendant that was made to me, and that statement was not correct, that is, in regard to the water in the work what was done inside the mine. They lied about the amount of pumping that had been done in there, the amount of water that still remained in the mine. One side of the mine was full of water in June, 1904." Manifestly, he was referring to the man employed, and long prior to the date of the contract, which was December 5, 1904. Again, he testified that: "I told defendant just what Mr. Major told me, that they could get within forty feet of the south wall." He then stated that, according to the account from one who inspected the mine a few days after they quit, there was then a whole lot of water in the mine. How long after he was unable to say. Later he qualified his previous statement by saying Mr. Major or Mr. Gunry had told him. Major testified that the water was lowered until "we got to the back end of the mine," and about one thousand tons of coal were removed, which were under water when pumping was commenced three months previous. If Major knew differently than stated to Henry, or if the condition of the mine was not as said to have been represented by Major on December 4 or 5, 1904, the record fails to disclose it. That it may have been full of water two or three months later is not proof of its condition on the day named. Undoubtedly, defendant made a bad bargain. He expended a

large amount of money in an effort to clear the mine of water and in other respects, and finally abandoned his enterprise.

But no reason appears from the record before us for relieving him from his obligation, and the judgment is *affirmed.*