KEYES, Respondent, v. BASKERVILLE, Appellant.

(170 N. W. 143).

(File No. 4459. Opinion filed Dec. 31, 1918).

(1). Appeals—Time for Appeal, Stipulation for Extension, Order Extending Time, Effect—Jurisdiction.

A stipulation between parties to an appeal to the Supreme Court, for an extension of time for appeal, was of no effect; nor was an order of trial court purporting to extend time for appeal; such order being beyond the court's jurisdiction.

(2). Appeal—Time For Appeal—Judgment, Whether Final Before New Trial Ruling—Statute Construed—Dismissed of Appeal.

Under Code Civ. Proc., Sec. 442, as amended by Laws 1917, Ch. 201, specifically providing that the appeal be taken within a certain time after filing of judgment roll, held, that such time is not extended because of a pending motion for new trial; and an attempted appeal from a judgment after expiration of such time though within 60 days after denial of new trial, should be dismissed, without prejudice to the appeal from the order.

Appeal from Circuit Court, Codington County. Hon. Carl G. Sherwood, Judge.

Action by D. L. Keyes, against M. R. Baskerville. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Upon motion to dismiss appeal from the judgment, motion allowed and appeal dismissed.

*J. G. McFarland,* and *Gardner & Churchill,* for Appellant.
*Hanten & Hanten,* for Respondent.

(2) To point two of the opinion, Appellant cited:

McVay v. Bridgeman, 17 S. D. 424; King v. Hansen (N. D.) 99 N. W. 1085; Skaar v. Eppeland (N. D.) 159 N. W. 707; 2 R. C. L. 107-108; Conradt v. Lepper (Wyo.) 78 Pac. 1, S. C. 3 A. & E. A. C. 628 and note; U. S. v. Ellicott, 223 U. S. 524.

Respondent cited:

State v. Hureeman, 37 S. D. 649, 159 N. W. 398; Re Hough-

ton, 5 S. D. 537, 59, N. W. 733; Aldrich v. Public Opinion Pub. Co. 27 S. D. 589, 604, 132 N. W. 278.

WHITING, P. J.   The time for appealing from the judgment of the trial court expired June 30, 1918, unless such time was extended because of pending motion for new trial.   Prior to said date a motion for new trial was duly and regularly presented to the trial count, and said motion was denied after such date. Within 60 days from the date of the order denying the new trial, appellant attempted to appeal both from the judgment and from the order denying a new trial.   Respondent seeks the dismissal of such appeal.

[1] Appellant contends that respondent stipulated for an extension of time for appeal.  Such a stipulation, if entered into, was of no effect.   3 C. J. 1074.   The trial court made an order purporting to extend the time for appeal.   Such order was beyond the jurisdiction of such court.

[2] Respondent contends that the judgment of the trial court never became a "final judgment" for purposes of appeal until the ruling upon the motion for new trial.  Such is the holding in many states; but, under our statute (section 442, C. C. P., as amended by chapter 201, Laws 1917) which specifically provides that the appeal be taken within a certain time after the filing of the judgment roll, such time is not extended because of a pending motion for new trial.   The authorities supporting the two lines of holdings will be found collated in 3 C. J. 1051-1053, and in note to Conradt v. Lepper, 3 Ann. Cas. 630. 631.

It follows that the attempted appeal from the judgment was of no effect, but the loss of the right to appeal from the judgment in no manner deprived appellant of his right to appeal from the order denying the new trial.   Brison v. Brison, 90 Cal. 327, 27 Pac. 186; Houser, etc., v. Hargrove, 129 Cal. 90, 61 Pac. 660; King v. Hanson, 13 N. D. 85, 99 N. W. 1085; Mueller Lumber Co. v. McCaffrey, 141 Iowa, 730, 118 N. W. 903.

The appeal, so far as it purports to be an appeal from the judgment, is of no effect; and is dismissed.