MUNDON, Appellant, v. GREENAMEYER, et al., Respondents.

(182 N. W. 630.)

(File No. 4860. Opinion filed April 25, 1921.)

1. **Appeals—Appeal After Year From Judgment Entry, Appeal Dismissed.**

   Where an appeal to Supreme Court is not taken until after expiration of one year from date of entry of judgment it will be dismissed. (Following Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 131.)

2. **Appeals—Appeal From Order More Than Sixty Days From Its Date, Dismissal Because Entry Prevented By Appellant's Counsel, Futility of Motion to Dismiss—Statutory Remedy By Enforcing Filing of Order, Not Dismissal.**

   Where an order was appealed from more than sixty days after its date, but within eight days after its filing, the appeal will not be dismissed under Sec. 3147, Code 1919, requiring appeal from an order within sixty days after written notice of its filing, and on the further ground that appeal is not perfected within sixty days after date of the order, "and which order would have been entered more than sixty days before taking of the appeal had not such entry been prevented by acts of appellant's counsel, in withholding said order from record,"

since regardless of whether the excuse offered by appellant's attorney justified the delay in filing, respondent's remedy is not dismissal of appeal, but is by virtue of Sec. 2097, Code 1919, providing that "if any * * * paper be * * withheld by any person, court may authorize a copy thereof to be filed and used instead of the original," not having availed himself of that remedy, respondent may not complain of delay in filing order.

Appeal from Circuit Court, Beadle County. Hon. Alva E. Taylor, Judge.

Action by N. E. Mundon against A. G. Greenameyer and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Appeal from judgment dismissed. Motion to dismiss appeal from order denied.

*W. F. Bruell,* for Appellant.

*Moriarty & Erwin,* for Respondents.

(2) To point two of the opinion, appellant cited: Haley v. Haley, 20 S. W. 845.; Boyd v. Hawkins, 50 Miss. 335; Merchants National Bank v. McKinney, 1 S. D. 78.

GATES, J. [1] Respondent has moved the dismissal of the appeal on the ground that it was taken after the expiration of one year from the entry of judgment. In so far as the appeal is from the judgment, the motion must be granted. Keyes v. Baskerville, 41 S. D. 214, 170 N. W. 143.

Another ground of the motion is:

"That the appeal was not taken or perfected within 60 days after the date of the order denying a new trial, which order is sought to be appealed from herein, and which order would have been entered more than 60 days before the taking of the appeal herein had not such entry been prevented by the acts of th appellant's counsel in withholding said order from record."

[2] By the provisions of section 3147, Rev. Code 1919, an appeal from an order denying new trial must be taken within 60 days after written notice of the filing of the order. The order was filed January 21, 1921, and the appeal was taken on January 29, 1921. The order was, however, dated November 23, 1921. Regardless of whether the excuse offered by appellant's attorney justified the delay in filing the order, the remedy of respondent is not the dismissal of the appeal. His remedy was under section 2097, Rev. Code 1919. Not having availed himself of that rem-

edy, he should not now be heard to complain of the delay in the filing of the order.

The motion to dismiss the appeal, in so far as it relates to the order denying new trial, is denied.