AUGUSTA MATILDA WOOD, Executrix of the last will and testament of CHRISTIENA NISSEN, deceased, Plaintiff and Respondent, v. CHRISTIAN NISSEN, Defendant and Appellant.

**Record on Appeal—Bill of Exceptions—Notice of Settlement —Striking From Record.**

1. After an appeal from a judgment in favor of the plaintiff a transcript of the proceedings had at the trial, embracing the evidence as extended by the stenographer, was, by order of the district court, annexed to the judgment roll, and the same was sent up to this court as a part of the record. No proposed bill of exceptions or statement of a case was ever served, and no notice was given to plaintiff's counsel, stating the time and place when and where a bill or statement would be presented to the trial court for settlement and allowance; nor did the trial court make an order purporting to be an order settling or allowing a bill or statement. No attempt was made in the transcript to specify errors of law, or to indicate wherein the evidence is insufficient to justify the findings of fact. *Held*, that such transcript of the proceedings, embracing the evidence, is neither a bill of exceptions nor a statement of a case, and constitutes no part of the judgment roll; nor is the same an order "involving the merits," within the meaning of Comp. Laws 1887, §§ 5103, 5237. See De Lendrecie v. Peck, 1 N. D. 422, 48 N. W. Rep. 342.

2. A preliminary motion to purge the record by eliminating therefrom the "transcript" aforesaid was granted.

3. No error appearing upon the face of the record proper, the judgment of the court below is affirmed.

(Opinion Filed June 6, 1891.)

*A*PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL, Judge.

*W. L. Eaton, J. B. Cleland,* and *Tilly & Stewart,* for appellant. *H. F. Miller* and *Stone, Newman & Resser,* for respondent.

Action to recover real property held in trust. Judgment for plaintiff. On appeal motion entered to strike from transcript the evidence. Motion granted. Judgment affirmed.

Messrs. H. F. Miller and Stone, Newman & Resser for the motion:

· The orders entered after the appeal was perfected were without jurisdiction and void. Comp. Laws North Dakota, § 5233. The appeal being from the judgment must be heard on the judgment roll alone. Comp. Laws North Dakota, § 5217. The court cannot add to or take from the judgment roll. Hahn v. Kelly, 34 Cal. 391; Sharp v. Daugney, 33 Cal. 505. Neither the "transcript of the evidence," "deposition" or "exhibits" constitute a part of the judgment roll. Harper v. Miner, 27 Cal. 107; Huton v. Reed, 25 Cal. 479; Spinetti v. Brignardello, 53 Cal. 283; Ritter v. Mason, 11 Cal. 214. Such matters can only be made a part of the judgment roll by a bill of exceptions or statement of the case settled and allowed. Comp. Laws North Dakota, § 5103; Kavanagh v. Maus, 28 Cal. 262; Wetherbee v. Carroll, 33 Cal. 549. A bill of exceptions which is only a rescript of the evidence will not be considered. Caldwell v. Parks, 50 Cal. 502. If the papers mentioned in the orders should be deemed to come within the requirements of the statute defining a statement of the case, they cannot be considered on the appeal as they contain no specifications of error. Butterfield v. Railroad Co., 37 Cal. 381; Spanagle v. Dellinger, 38 Cal. 278; Thorn v. Hammond, 46 Cal. 531; Watson v. Railroad Co., 50 Cal. 523.

Messrs. W. L. Eaton, J. B. Cleland and Tilly & Stewart in opposition to the motion :

On an appeal from a judgment the supreme court will review alleged errors of law occurring at the trial and properly appearing in the record, without a motion for a new trial in the court below. Sanford v. Elevator Co., 2 Dak., ante, 48 N. W.

Rep. 434. A court cannot lose jurisdiction over its record, and it at all times has the right and power to make a complete record of any cause tried therein, or to order such amendments made thereto as will conform to the facts and show a true and complete statement of all the proceedings of that court in the trial, even after an appeal has been taken, without leave of the appellate court. Comp. Laws North Dakota, § 5235; Peterson v. Swan, 119 N. Y. 662, 23 N. E. Rep. 1004; Hollister v. Judges District Court, 8 Ohio St. 202; Rew v. Barber, 14 Am. Dec. 515 and note; Judson v. Gray, 17 How. Pr. 289.

The opinion of the court was delivered by

WALLIN, J. In this action, after a trial by the court, a judgment was entered in favor of the plaintiff and against the defendant. The judgment was entered December 16, 1887. An appeal was perfected December 12, 1889. After the appeal was perfected, and on December 18 and 19, 1889, the district court made the following orders:

"On the 18th day of December, 1889, Wm. B. McConnell, judge of the district court, third judicial district, in and for the county of Cass and state of North Dakota, being the judge before whom was tried the above entitled action, orders that there be added to and made a part of the judgment roll and of the record upon the appeal of the above entitled action to the supreme court, in addition to the summons, complaint, answer, findings of fact, and conclusions of law, and decree therein, the following papers, which necessarily involve the merits and affect the judgment in said action, to-wit: The transcript of the evidence taken upon the trial of said action, as the same has been extended by the official stenographer, and filed in this court; also the depositions of Henry Lubens, P. K. Eversen, Karen Nissen, and W. E. Owen, produced and read upon the trial of said action; also all the exhibits introduced or offered and excluded on the hearing of said action, which said transcript, depositions, and exhibits constitute all the evidence given upon the trial of said action upon which said findings of fact and conclusions of law and decree were based, together with all the

exceptions taken to the rulings and decisions of the court of said trial. WM. B. McCONNELL, Judge."

"I Wm. B. McConnell, judge of the district court of the third judicial district in and for the county of Cass and state of North Dakota, being the judge before whom was tried the above entitled action, do hereby certify that the judgment roll and record in said action should contain and does contain the following papers, to-wit: The summons and complaint, answer, findings of fact, and conclusions of law, and decree; the transcript of the evidence taken upon the trial of said action, as the same has been extended by the official stenographer, and filed in this court; the depositions of Henry Lubens, P. K. Eversen, Karen Nissen, and W. E. Owen, produced and read upon the trial of said action; also all exhibits introduced or offered and excluded on the hearing of said action, which said transcript, depositions, and exhibits constitute and comprise all the evidence given upon the trial of said action upon which the findings of fact and conclusions of law and decree herein were based, together with all the exceptions and decisions of the court at said trial. Dated at Fargo, Cass county, North Dakota, this 18th day of December, A. D. 1889. WM. B. McCONNELL, Judge of the District Court."

The papers sent up to this court embrace, in addition to the statutory judgment roll, (Comp. Laws, § 5103,) what purports to be "the transcript of the evidence taken upon the trial of the action, as the same has been extended by the official stenographer, and filed in the district court; also certain depositions read at the trial, and certain evidence which was offered and excluded at the trial." A preliminary motion was made in this court by respondent to eliminate said transcript of the evidence, depositions, etc., from the record. The motion must be granted. It is not claimed that any proposed statement of a case or bill of exceptions was ever served or attempted to be served upon the plaintiff or his counsel. Nor did the trial court ever settle or allow a bill or statement embracing the evidence, or any bill or statement. The so-called "transcript," extended by the district court stenographer, embracing the proceedings and evidence at the trial, falls far short of being

either a bill of exceptions or a statement of the case. The so-called "transcript" lacks several vital elements essential to a bill or statement: *First*, no proposed statement or bill was ever served upon plaintiff's counsel in this case; *second*, no notice of the settlement and allowance of any bill or statement was ever served on plaintiff's counsel; *third*, the district court never made any order settling a case or bill of exceptions in the case; and, *finally*, there are no specifications of errors of law and no specifications showing wherein the findings of fact are not justified by the evidence. Under the existing statutes and rules of court such errors and .specifications are essential features of every bill and statement. Comp. Laws, 1887, §§ 5079, 5084, 5090, 5093, 5094. It is well settled that a true and correct transcript of the stenographer's minutes of the proceedings had at the trial do not, under our practice, constitute either a bill of exceptions or a statement of the case within the meaning of the law. Harper v. Minor, 27 Cal. 107; Hutton v. Reed, 25 Cal. 479. The transcript of the proceedings had at the trial being eliminated by the motion, the case was submitted upon the merits without argument. The court finds no error upon the face of the record when thus purged of the transcript, and therefore will direct that the judgment of the court below be in all things affirmed. So ordered. All concur.