### NORWEGIAN PLOW CO. v. BELLON *et al.*

When an appeal is taken from the judgment, and the appellant has failed to make a motion for a new trial in the court below, the question of the sufficiency of the evidence to support the findings will not be examined upon appeal. The appellate court will only examine such matters relating to facts complained of in the court below as are brought to its attention by a motion for a new trial.

(Syllabus by the court.  Opinion filed Dec. 9, 1893.)

Appeal from circuit court, Hutchinson county.  Hon. E. G. SMITH, Judge.

Action in claim and delivery by the Norwegian Plow Company against David Bellon and F. M. Hennis.  Defendants had judgment, and plaintiff appeals.  Affirmed.

The facts are stated in the opinion.

*Geo. P. Harbon,* for appellant.

*D. G. Maclay,* for respondent.

BENNETT, P. J.   From the record we find that this is an action in claim and delivery, wherein the plaintiff alleges in its complaint that the defendants wrongfully took from its possession and detain from it certain personal property of which it claims to be the owner.  The defendants, who were at the commencement of this action, and prior thereto, respectively the sheriff and deputy sheriff of Hutchinson county, justify the taking and holding of the property by virtue of three writs of at-

tachments which were sued out in three several actions commenced by three parties against H. H. Miller & Son, and who claimed that at the time the attachments were levied the said H. H. Miller & Son were the owner of the property attached, and not the plaintiff. Upon the issues thus raised a trial was had before the court without the intervention of a jury, and a judgment rendered in favor of the defendants, from which an appeal is taken.

The assignment of errors, which is the appellant's complaint on appeal, raises but one question for the determination of this court; that is, was the appellant the owner of, and entitled to the possession of, the property mentioned in the writ of replevin at the time the property was taken by virtue of said writ? To maintain an action in claim and delivery the plaintiff must show a present right to the specific property mentioned in the writ. It is well established that the action cannot be maintained unless the plaintiff have the actual or constructive possession of the goods, or a general or special property in them, with a right to immediate possession. He must have such a title in them as authorizes him to reduce the goods to his possession at the commencement of his suit. Cannon v. Kinney, 3 Scam. 9; Heath v. West, (N. H.) 101; Hume v. Tufts, 6 Blackf. 136. When the question of title is put in issue, and the right of possession is to be determined by the question of title, the burden is on the plaintiff to show a superior title in himself. The question is, which has the better title?? Hatch v. Fowler, 28 Mich. 206; Patterson v. Fowler, 22 Ark. 398; Hallett v. Fowler, 8 Allen, 93; Dows v. Green, 32 Barb. 490; Barnes v. Bartlett, 15 Pick. 75. The plaintiff must recover on the strength of his own title, and not upon the weakness of his adversary's. If he fail on the strength of his own title, the possession of the property should be retained by the defendant. Easter v. Fleming, 78 Ind. 116; Reinheimer v. Hemingway, 35 Pa. St. 432; Goodman v. Kennedy, 10 Neb. 270, 4 N. W. 987.

The establishment of these propositions rests in a great meas-
ure upon evidence produced at the trial.    In the case at bar the
plaintiff claims the ownership of the property ir controversy,
and the right to possession.    The answer of the defendants de-
nies that the property was in possession of or under the control
of the plaintiff at the time it was taken by defendants under
the attachment, and they deny that the plaintiff had any title
to said goods, or any right to the possession of them, at the
time.    The evidence tends to show that the goods were not in
the possession of the plaintiff at the time of the alleged taking
of them by the defendants, but that they were in the possession of
H. H. Miller & Son, the alleged debtors in the attachment suits.
To establish the ownership, the plaintiff introduced what pur-
ported to be a contract entered into between them and H. H.
Miller & Son in relation to the shipment of these implements,
etc., which possibly tended to show that they sent them to
Miller & Son to be sold on commission, and that the sale, if one
at all, was a conditional one, which did not pass the title or
ownership; and the testimony of one Eickelberg, who was the
general agent of the plaintiffs, which also tended to establish the
fact.    To offset whatever effect this evidence had as to the ques-
tion of ownership and right of possession, the defendants intro-
duced the order from Miller & Son for the shipment of the
goods, in which it quite clearly appears that the goods were
purchased by them, and that they were sent under the condi-
tions of the order.    Upon this evidence the court found as a
matter of fact "that at the time the action was begun said H.
H. Miller & Son were the sole and absolute owners of the prop-
erty described in the complaint." The appeal is from the judg-
ment alone.    The respondents insist that, the appellant having
failed to make a motion for a new trial in the court below,
the question of the sufficiency of the evidence to support the
finding will not be examined upon appeal.    With this conten-
tion of respondents we must agree, as the appellate court will
only examine such matters as relate to facts which are com-

plained of in the court below, and brought to its attention by a motion for a new trial. The reason for this has been very fully discussed by Mr. Justice KELLAM in the case of Pierre v. Manning, (S. D.) 51 N. W. 332. Yet we have generalized the principles of the law governing actions of this nature, also the evidence in the case at bar, with a view of showing that, if we should have reviewed the case from the standpoint of the appellant, the action of the court below would have been sustained. The only question before the court, therefore, is whether the judgment is justified by the finding of fact and conclusions of law. An inspection of this finding and the judgment make it evident that the court committed no error in this respect. The judgment is in all things, therefore, affirmed.