## LOISEAU v. THRELSTAD, *et al.*

1. Comp. Laws, § 4584, declaring the detriment for breach of covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of real estate, to be the price paid, has no application to a covenant against incumbrances.

2.    Comp. Laws, § 4585, declaring the detriment for breach in a grant of reaɪ estate to be the amount expended by the covenantee in extinguishing it, has no appliction where he has not extinguished it or expended anything towards it.

3.    The damage for breach of covenant against incumbrances, where the incumbrance has ripened into an indefeasible title under which the covenantee has been evicted from a part of the premises, in such part of the price paid by him for the premises as is proportionate to the relative value of the portions of the property at the time he obtained his deed, and this is not shown by a finding merely that $150 was paid for the whole property, and that the value of the portion retained is $50.

(Opinion filed February 12, 1901.)

Appeal from circuit court, Minnehaha county.    HON. JOSEPH W. JONES, Judge.

Action by Anna A. Loiseau against Bortinus P. Threlstad and another to recover damages for an alleged breach of covenants against incumbrances.    From a judgment for plaintiff for nominal damages, she appeals.    Affirmed.

G. R. *Krause,* for Appellant.

In case of breach of covenant against incumbrances, if the incumbrance is of such a nature that it entirely defeats the estate conveyed, the measure of damages is the consideration money paid for the land, with interest from the time of eviction; Jenkins v. Hopkins, 8 Pick. 349; Willson v. Willson, 25 New Hampsh. 229; Dimmick v. Lockwood, 10, Wend. 142; Batchelder v. Sturgis, 3 Cush. 201; Beecher v. Baldwin, 55 Conn. 419; Foote v. Burnet, 10 Ohio 317; Patterson v. Stewart, 40 Am. Dec. 586; McAlpin v. Woodruff, 11 Ohio State, 129; Porter v. Bradley, 7 R. I. 542; Prescott v. Trueman, 4 Mass. 527; Richmond v. Ames, 164 Mass. 467; Pearson v. Ford, 42 Pac. Rep. 257; Daggett v. Reas, 48 N. W. Rep. 127; Hencke v. Johnson, 17 N. W. Rep. 766; Fritz v.

Pusey, 18 N. W. Rep. 94-5; Hawthorne v. Bank, 26 N. W. Rep. 4; Clarke v. Fisher, 54 Kan. 403; Wetherbee v. Bennett, 2 Allen, 428; Bronson v. Coffin, 108 Mass. 175.

Appellant having lost only a portion of the conveyed premises should recover apportioned damages. Winnipiseogee Paper Co. v. Eaton, 65 N. H. 13; Tyson v. Eyrick, 23 Am. St. Rep. 287; Beaupland v. McKeen, 70 Am. Dec. 115; Murphy v. Richardson, 28 Pa. St. 292; Dalton v. Bowker, 8 Nev. 198.

*Howard Babcock* and *Robertson & Dougherty,* for respondents.

CORSON, J. This is an action to recover damages for an alleged breach of the covenant against incumbrances. Findings and judgment were entered in favor of the plaintiff but awarding her nominal damages only, and from this judgment she appeals. The appeal being from the judgment alone, the only question presented is whether the judgment is supported by the findings.

The court below found, among other things, that in May, 1895, the defendants were the owners of two certain lots in the town of Dell Rapids, each 50 feet in width, and extending northerly and southerly 132 feet; that the defendants conveyed the same to the plaintiff in consideration of the sum of $150 to them in hand paid, that the deed from the defendants to the plaintiff contained the following covenant: "That said premises are free from all incumbrances;" that the said lots were not at that time free from incumbrance but that the northerly 69 feet were included in a mortgage, whicn was subsequently foreclosed, resulting in a sheriff's sale, and the eviction of the plaintiff from the said northerly portion of said premises; that subsequent to the execution of said mortgage, but prior to the conveyance of said lots to the plaintiff, the mortgaged premises were platted into lots, blocks, etc., by the mortgagor; that before the commencement of this action the purchaser at the foreclos-

ure sale vacated and canceled said plat of lots blocks, etc., including the northerly 69 feet of the two lots conveyed to the plaintiff; that said two lots before being cut in two, were of the actual value of $150; that, when and after the same were so cut in two, plaintiff retained title to, and possession of, only the southerly 63 feet of said lots, and the actual value of all by her so retained was then and there $50; that the plaintiff has not paid out anything or expended any amount whatever in extinguishment of said incumbrance. The court concluded as matter of law from its findings, (1) that the covenant against incumbrances in the deed from the defendants to the plaintiff had been broken as to the northerly 69 feet of the said lots, and (2) that the plaintiff is entitled to judgment against the defendants for nominal damages only in the sum of $1, and judgment was thereupon entered in accordance with said conclusions of law.

It will be noticed that the court finds that before being cut in two, the lots were of the value of $150, and also that the price paid for the same was $150, and that after the same were cut in two the portion retained by the plaintiff was of the value of $50. Upon these findings the plaintiff and appellant contends that she was entitled to a judgment for $100, being the difference between the value of the lots before being cut in two, or the price paid for the same and the value of the portion remaining in her possession after she was ousted from the northerly sixty-nine feet, and that, therefore, the court erred in its conclusion of law that she was only entitled to nominal damages, and in entering judgment for that amount. The respondents, on the other hand, contend that the court has not found what was the proportionate value of the premises from which the plaintiff was ousted at the time of the conveyance; that under the provisions of section 4584, Comp. Laws, she is not entitled to recover, for the reason that the covenant against incumbrances

is not mentioned in that section; and that she is not entitled to recover more than nominal damages, under section 4585, Id., for the reason that the court found that she had not paid out or expended any amount whatever in the extinguishment of said incumbrance.

Undoubtedly the respondents are right in claiming that this case does not come within the provisions of section4584 or section 4585, Comp. Laws. Section 4584 provides that "the detriment caused by the breach of a covenant of seisin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be the price paid," etc. It will be noticed that the covenant against incumbrance is not mentioned in this section. Section 4585 provides that, "the detriment caused by the breach of a covenant against incumbrances in a grant of an estate in real property, is deemed to be the amount which has been actually expended by the covenantee in extinguishing either the principal or interest thereof." As the court finds in this case that no money was expended by the appellant in the extinguishment of the said incumbrance, the case at bar is not embraced within the latter section.

At common law, however, when an incumbrance existing at the time of the conveyance has ripened into an indefeasible title, under which the covenantee has been evicted from a part or all of the premises conveyed, he is entitled to recover, in case he is evicted from the whole of the premises, the price paid for the same, or, in case he is evicted from a part, only, a proportionate part of the price so paid. In Dimmick v. Lockwood, 10 Wend. 142, Chief Justice SAVAGE cites with approval, Jenkins v. Hopkins, 8 Pick. 346, and says: "The deed contained the covenants of seisin, warranty and freedom from incumbrances. The declaration states that a judgment was a lien on the land in the hands of the person from

whom the defendant derived title. The land lay in Ontario county, New York, and had been sold upon the judgment and conveyed by the sheriff though the purchaser had not taken possession. The court held that the judgment was an incumbrance which was a breach of the covenanat against incumbrances, but that alone would only entitle the plaintiff to nominal damages. But proceedings had been had which defeated the plaintiff's title, and they held that, where the incumbrance is changed into an adverse and indefeasible title, the plaintiff was entitled to recover the money he paid for the land, with interest for the plaintiff cannot remove the incumbrance, nor can he enjoy the land."

While the question as to the measure of damages has usually arisen in cases brought for damages for breach of covenants against incumbrances, and the incumbrance has been paid by the covenantee, yet in all the cases the doctrine seems to be recognized that where the incumbrance has resulted in an adverse and indefeasible title, under which the covenantee has been evicted from all or a part of the premises, he may recover all or a proportionate part of the consideration paid. This seems to be a fair and equitable doctrine. The covenantee may not in all cases be able or willing to pay off the incumbrance, and when he does not choose so to do he should have the right to recover of the covenantor the damages he may sustain by reason of being evicted from all or a part of the premises conveyed to him, limited, of course, to the amount of the consideration actually paid for the property, with interest thereon for not exceeding six years.

The difficulty, however, in the case at bar is that the court has not found the relative value of those portions of the lots included in the mortgage, and from which plaintiff was evicted, and the relative value of the portions retained by her at the time the deed was exe-

cuted. It has found the amount paid for the lots, viz., $150, and it has found the value of the portion retained by her since the same was cut off by the foreclosure sale, but it has not found the proportionate value of that portion of the lots cut off at the time the deed was executed. Where, as in this case, the plaintiff retains a portion of the premises conveyed and seeks to recover damages under the covenant against incumbrances for the portion from which she has been evicted, it is absolutely essential that she prove the relative value of the portion cut off and the portion retained at the time the deed was executed. If the plaintiff in the case at bar had been evicted from the entire premises purchased, the amount of her damages would be the price paid, with interest for a time not exceeding six years; but where she retains a portion of the premises, her damages can only be fixed by ascertaining the proportionate value of the part retained to those portions from which she has been evicted at the date of purchase. To fix the relative value of the part lost and of the part retained at any other time might result in great injustice as the property might greatly fluctuate in value subsequently to the time of its purchase, or its value be greatly enhanced by improvements upon the property. The facts found, therefore, afford no definite data from which a court could fix the measure of damages, and hence the court ruled correctly in holding that, notwithstanding there was a breach of the covenant, the plaintiff was only entitled to nominal damages. It is somewhat unfortunate in this case that the plaintiff did not prove, what probably might have been easily proved, the relative value of the respective portions of those lots at the time the deed was executed; but we must presume that the court found the facts established by the evidence, and that, therefore, there was no evidence showing these respective values at the time the deed was executed. The judgment of the court below is affirmed.