CARLBERG, Respondent, v. FIELDS et al., Appellants.

(146 N. W. 560.)

1. **Appeal—Review—Res Judicata—Appeal From Judgment—Second Appeal Involving New Trial.**

Where defendant first appealed from the judgment, upon a bill of exceptions, which appeal was dismissed for inexcusable negligence, and subsequently he appealed from an order denying a motion for new trial, the first appeal being res judicata as to all matters presentable thereunder, held, the Supreme Court could not consider on the second appeal assignments predicating error in denying defendant's application to amend his answer, and in entering judgment for plaintiff, being questions involved in the first appeal.

2. **Dismissal of Appeal, With Reservation—Second Appeal.**

A second appeal will not be allowed from an order or judgment, where the first appeal was dismissed for want of prosecution, unless the right to take such second appeal is reserved in the order dismissing the first.

3. **Animals—Trespassing Animals—Damages—Sufficiency of Undisputed Evidence—Ownership of Cattle.**

In a suit for damages for destruction of a crop of flax by defendant's cattle, held, that the evidence, being undisputed,

was sufficient to sustain findings that plaintiff was owner of the flax, and that defendant owned the cattle.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Corson County. Hon. CLAY CARPENTER, Judge.

Action by Albert B. Carlsberg against A. L. Fields and another, to recover for damages by trespassing animals. From a judgment for plaintiff, and from an order denying a new trial, defendants apppeal. Affirmed.

See, also, 31 S. D. 209, 140 N. W. 267.

*E. N. Hoffman, N. B. Bartlett, P. J. Tscharner,* and *Williamson & Williamson,* for Appellants.

There was no evidence to show that the plaintiff had a right of possession, or was in the lawful possession of the lands in controversy; that the flax alleged to have been destroyed was grown upon the lands that were located in the fenced pasture of the defendants, and of which the defendants had possession and control at the time the flax was sown, grown and harvested, and at the time it was alleged to have been destroyed, and that the plaintiff was a trespasser upon said lands, if in possession of the same.

The evidence does not distinguish or tend to distinguish the difference between the damage, if any, occasioned by the cattle of defendants, and the damage occasioned by the sheep of the man Kurtland; that there was no competent evidence to show that the cattle alleged to have destroyed the flax were owned by, or in the possession or under the control of defendants; or tending to show any proper measure of damages, or the amount thereof.

*Robert Pearson,* and *Howard Babcock,* for Respondent.

The questions raised by or involved in the first appeal have all been determined, and will not be considered upon this appeal. The order of dismissal of the appeal entered on November 12, 1912, did not reserve to appellants any right to again appeal from the judgment herein. Collins v. Gladiator Company, 19 S. D., 358; Schmeer v. Schmeer, 16 Or. 243, 17 Pac. 864; Brill v. Meek, 20 Mo. 358.

The dismissal of the former appeal operates as a bar to this appeal, so far as the appeal from judgment is concerned, and

nothing which was involved in or could be considered upon the former appeal will be considered upon this appeal. All questions involved in that appeal are res adjudicata. Howard v. City of Huron, 5 S. D., 539; 26 L. R. A. 493; 59 N. W. 833; On re-hearing, 6 S. D., 180.

The matters included in the first two assignments of error were finally disposed of by the order dismissing the first appeal, and the only question raised is the sufficiency of the evidence, as tested by the motion for new trial.

All of the testimony is undisputed, and sufficient to support the verdict of the jury and the judgment of the court.

The undisputed evidence shows that the plaintiff Carlberg was in unquestioned possession of the land at the time he broke the ground and sowed the flax, while it was growing and when it was severed from the ground, and at the time it was eaten up by defendants' cattle it was severed from the ground.

The premises and the harvested flax being in the possession of plaintiff, the title or ownership of the land became immaterial in the absence of any showing by the defendants that they had title to or owned the land or had some right to its possession.

POLLEY, J. This is the third time this case has been before this court for consideration. The first appeal was taken on the 17th of July, 1912. This appeal was from the judgment alone, and was dismissed on the 12th day of November, 1912, for the inexcusable negligence of the appellants. Prior to the taking of the appeal, appellants had given notice of intention to move for a new trial. This motion was brought on and denied by order of the trial court, on the 18th of December, 1912, and on the 31st day of December, 1912, appellants appealed from the judgment and order overruling theh motion for a new trial. Respondent then moved to dismiss this appeal, on the ground that a second appeal cannot be maintained after the first appeal has been unconditionally dismissed. This motion was denied (31 S. D. 209. 140 N. W. 267), and appellants present their case upon three assignments of error: First, error of the trial court in denying appellants' application to amend their answer; second, in entering judgment for plaintiff and against defendants; and, third, in denying defendants' motion for a new trial.

. [1, 2] At the outset, respondent challenges appellants' right to have either of the first two assignments considered, for the reason that they both present matters that were, or might have been, presented on the first appeal; respondent contending that the disposition of the former appeal is res judicata as to all such matters. If his promise, to wit, that the questions raised by these two assignments were properly presented by the record on the first appeal, then his conclusion is correct.

In Westphal v. Nelson, 25 S. D. 100, 125 N. W. 640, this court said: "On an appeal from the judgment alone, in the absence of a bill of exceptions, the only question is whether the judgment is supported by the pleadings and verdict, or the court's findings of fact; in other words, whether any error appears upon the face of the record. Where, however, the appeal is from the judgment alone and a bill of exceptions has been settled, all errors appearing on the face of the record, which embraces the bill of exceptions, may be reviewed, provided the particular errors relied on for reversal are specified in the bill." An examination of the record discloses the fact that the transcript was filed and the original record (formerly styled the the bill of exceptions) was settled and filed on the 9th day of August, 1912. This record was the same then as it is now, with the exception of the subsequent proceedings had on the motion for a new trial, and presented all the matters that can be raised under the two assignments in question; and therefore these matters could have been reviewed on the appeal from the judgment alone. It was a settled rule of this court that a second appeal will not be allowed from an order or judgment where the first appeal has been dismissed for want of prosecution, unless the right to take such second appeal is reserved in the order dismissing the first. Collins v. Gladiator Con. G. M. & M. Co., 19 S. D. 358, 103 N. W. 385. "When a party perfects an appeal and then abandons it, his right of appeal is exhausted." Schmeer v. Schmeer, 16 Or. 244, 17 Pac. 864; Brill v. Meek, 20 Mo. 358. The fact that this court refused to dismiss this appeal on respondent's motion in no wise conflicts with the views just expressed, because it is plain, from an examination of the opinion of the court, that the motion to dismiss was denied, not for the purpose of permitting appellants

to prosecute a second appeal from the same judgment, but because the second appeal was from the order overruling the motion for a new trial as well as the judgment, and because an appeal will lie from an order denying a new trial, independently of an appeal from the judgment or after the appeal from the judgment has been dismissed. In other words, this is to be treated as an appeal from the order alone; and this necessarily excludes all matters presented by the first two assignments, and those matters under the third assignment relating to rulings upon evidence, and brings us to the other matters raised by the third assignment. The only matter urged by appellants under this assignment—which we are not precluded from considering because of the determination of the appeal from the judgment—is the alleged insufficiency of the evidence to support the verdict, and this question will now receive our consideration.

[3] Plaintiff's cause of action was based upon the alleged destruction, by defendant's cattle, of a crop of flax that had been grown and harvested by him. Besides a general denial in defendant's answer, they alleged that plaintiff was not the owner of the flax in question; that the same was grown on land held by defendants under a lease to one of them from the Interior Department of the United States government; that plaintiff was a trespasser on the land when he raised the flax, and the cattle were rightly there when they destroyed it; that the flax was not of the value as claimed by plaintiff or of any value whatever; that the cause of action, if any, arose on the Standing Rock Indian Reservation, in North Dakota; and that the federal court of that state had exclusive jurisdiction of the matter in controversy; and, lastly, that the flax was destroyed, if destroyed at all, by roving bands of sheep belonging to parties other than these defendants.

On the trial, no evidence at all was offered to show that the defendants, or either of them, had a lease of the land upon which the flax was grown or that they, or either of them, had any title whatever giving them a right to the possession thereof. On the other hand, the evidence showed conclusively that the plaintiff was in the peaceable possession thereof from the time the flax was sown until it was harvested and destroyed, and

peaceable possession alone is sufficient title as against anyone who cannot show a better title. Neither was there any evidence that the land upon which the flax was grown was on the Standing Rock Indian Reservation, nor any reason shown why the federal court, or any other court, had exclusive jurisdiction of the plaintiff's cause of action.

There was evidence to show there had been some sheep on the flax prior to the time of the alleged trespass by the cattle, and that they did some damage there can be no doubt. On the other hand, the evidence is overwhelming that the greater part of the crop of flax was destroyed by cattle. But it is contended by defendants that, even though the flax was destroyed by cattle and not by sheep, there was no evidence to show that such cattle were owned by, or under the control of, the defendants. There was no direct positive evidence of ownership, but there was sufficient competent evidence showing what the various brands were on the cattle that did the damage. It was shown by certain witnesses that, at the time of the alleged trespass, they were employed by defendants' to look after these same cattle, and that they were receiving pay from defendants for taking care of said cattle at that time. It was also shown that defendants were paying the board of these same men, at a certain boarding house, at the time the damage was done, and that defendants settled with another party for damage done to another field of flax by these same cattle. It was further shown that these same cattle were generally known in that vicinity as the cattle of the defendants. In the absence of any evidence to the contrary, this was sufficient prima facie to warrant the jury in finding that the cattle that damaged the flax were the cattle of the defendants. If these cattle had not belonged to the defendants, it is altogether likely that there would have been evidence to that effect. One of the defendants was present in court during the trial, but it is a very significant fact that he did not take the witness stand and deny that defendants were the owners of these cattle.

Lastly, it is claimed by defendants that there is no evidence to distinguish between the damage occasioned by the cattle and that caused by the sheep. This is true; and it is also true that it would have been impossible to have apportioned the dam-

age caused by each with any degree of certainty whatever. But the evidence showed the flax to have been worth from $3,000 to $4,500 at the time it was destroyed, while the verdict was only for $1,500. From this, it is fair to infer that the jury made ample allowance for the damage caused by the sheep when they were assessing damages against the defendants.

Upon the whole record, we are satisfied that the verdict is warranted by the evidence, and that there was no error in denying appellant's motion for a new trial.

The order appealed from is affirmed.