CRANMER, Appellant, v. CHRISTIAN et al, Respondents.

(166 N. W. 1086.)

(File No. 4218.    Opinion filed March 26, 1918.)

1.  Appeals—Error—Evidence, Sufficiency—Review—No Motion for New Trial, Effect.

    No motion for new trial having been made, sufficiency of evidence is not before Supreme Court for review.

2.  Taxation—Special Assessment Deed From City Treasurer, Validity of, Under Statute—Deed as Evidence, Competency.

    A city treasurer was without power or authority to issue a special assessment deed upon sale for delinquent assessment for street improvements, and such deed was void of any evidentiary force or effect, and was wholly incompetent as evidence; construing Laws 1911, Ch. 243, (amending Rev. Pol. Code, Sec. 1265, as amended by Laws 1909, Ch. 201) providing for collection by county treasurer of city and school

taxes, etc., and for sale of city lots in payment of delinquent special assessments thereon by county treasurer, etc., and for redemption from such sales within a specified time thereafter, and for notice of issuance of tax deed as in other cases of tax sales.

Appeal from Circuit Court, Brown County. Hon. THOMAS L. BOUCK, Judge.

Action by Emma A. Cranmer, against D. E. Christian and others, to quiet title to a city lot, and for cancellation of a special assessment deed and lien. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*S. H. Cranmer,* and *Amos N. Goodman,* for Appellant.

*Williamson & Williamson,* for Respondent.

(2) To point two of the opinion, Appellant cited: Kirby v. Watterman, 17 S. D. 314, 96 N. W. 129.

SMITH, J.  Action to quiet title to a lot in the city of Aberdeen and to cancel a purported special assessment deed and special assessment lien. Prior to the trial, Howard and Hedger were eliminated as defendants, leaving Christian as the sole defendant. At the beginning of the action no special assessment deed had issued, but before the trial defendant Christian was permitted to file a supplemental answer, alleging the issuance of a special assessment deed subsequent to the commencement of the action. Findings and judgment for the defendant. Plaintiff appeals, and, among other assignments of error, alleges insufficiency of the evidence to sustain the findings and judgment.

[1]  There was no motion for a new trial; consequently the sufficiency of the evidence is not before us for review. Appellant's record, however, purports to present a settled record, with specifications and assignments of error, upon which a ruling of the trial court in receiving in evidence the alleged special assessment deed issued upon the tax sale may be reviewed. The findings and judgment of the trial court must have been based wholly upon this evidence, and for that reason its competency or incompetency is decisive of the question of prejudice in such ruling. By its findings and judgment the trial court in effect held the special assessment deed void, but required the plaintiff to pay the amount of the special assessment as a condition to granting the relief prayed for, and decreed that, unless such pay-

ment be made within a time named, plaintiff's action should be dismissed with prejudice upon the merits.

The special assessment was attempted to be made in a proceeding by the city council requiring the construction of a curb in front of plaintiff's property. Plaintiff's lot abutted upon a public street in the city of Aberdeen and was subject to special assessments for street and sidewalk improvements. The trial court found that in December, 1909, the city council of said city, deeming it necessary to curb the street where the same abutted upon said property, proceeded to order the improvement; that said curb, not being constructed by the owner, was constructed by the city at the cost of $58.05, and that such proceedings were thereafter had that said property was sold for delinquent assessment, was bid in by the defendant Christian, and, not having been redeemed, the special assessment deed offered in evidence was issued by the city treasurer on September 5, 1914. At the trial, plaintiff offered competent and sufficient evidence of her title to the property and rested. Whereupon defendant offered in evidence the special assessment deed above mentioned and also rested. This special assessment deed contained recitals which constitute the only evidence of the special assessment, purporting to have been made Dec. 13, 1909, non payment of assessment and sale of the property on March 4, 1912, and on its face purported to be issued by the city treasurer of Aberdeen on September 5, 1914. This deed was received in evidence over proper objections on the part of appellant, which ruling is assigned as error.

[2] This ruling was clearly erroneous and prejudicial. The city treasurer was absolutely without power or authority to issue a special assessment deed upon a sale for a delinquent special assessment for street improvements in any case. Chapter 243, Laws 1911. The deed was therefore void of any evidentiary force or effect whatever, and was wholly incompetent as evidence. By way of rebuttal, plaintiff offered certain evidence tending to show illegality of the special assessment; but the effect of such evidence is not material upon this appeal and requires no further consideration. In view of the fact that a new trial must be awarded in this case, we deem it appropriate to direct the attention of the trial court to the provisions of chapter 20, Laws of 1913, providing for the reassessment for local improvements

where an assessment has been declared void, and to the decision of this court in Freese v. City of Pierre, 37 S. D. 433, 158 N. W. 1013.

The judgment of the trial court is reversed.