KEYES, Respondent, v. BASKERVILLE, Appellant.

(175 N. W. 874.)

(File No. 4459. Opinion filed December 27, 1919.)

**1. Appeals—Error—Appeal from Judgment, What Non-reviewable—**

Irregularity; Misconduct; Accident; Newly Discovered Evidence; Excessive Damages; Insufficiency of Evidence—Exception Re Judgment After New Trial.

The several kinds of questions described in the following six subdivisions of Sec. 301 C. C. P. (Sec. 2555, Rev. Code 1919) .are not reviewable on appeal solely from judgment: (a) questions of irregularity or abuse of discretion, under Subd. 1; (b) of misconduct described in Subd. 2; (c) of accident or surprise described in Subd. 3; (d) of newly discovered evidence described in Subd. 4; (2) of excessive damages described in Subd. 5; (f) of insufficiency of evidence described in Subd. 6. An exception to this rule exists where judgment is entered after entry of order denying new trial, wherein an appeal from judgment· brings under review the order denying new trial, if such order is designated for review.

2. **Same—Appeals from Either Judgment or Order Re New Trial, What Reviewable on Exceptions in Record, or Minutes—Verdict, Decision Against Law; Errors in Law.**

The two following kinds of questions described in said Sec. 301, are reviewable upon bill of exceptions (settled record), or on minutes of court,, on appeal either from judgment or order denying new trial; (g) claim that verdict or decision is against law, described in Subd. 6; (h) errors in law occurring at trial, mentioned in Subd. 7.

3. **Same—Appeal from Judgment, What Reviewable on Judgment Roll—Pleadings; Whether Findings Support Conclusions, Judgment; Whether Verdict Supports Judgment; Intermediate Orders Affecting Judgment.**

Matters appearing on face of judgment roll without necessity of settled record are reviewable only on appeal from judgment, viz: relating to pleadings; whether findings support conclusions or judgment; whether verdict supports judgment; questions re correctness of intermediate orders necessarily affecting the judgment (other than orders referred to in Subd. 1 of Sec. 301.)

4. **Same—Review Re Insufficiency of Evidence—Former Decisions Commented On.**

The rule above asserted as to review of questions of insufficiency of evidence is asserted, notwithstanding in Irwin v. Lattin, 29 S. D. 1, doubt was expressed as to proper interpretation of last sentence of Sec. 463, C. C. P. (concerning review of referee decisions), and notwithstanding in Hepner v. Wheatley, 34 S. D. 341, doubt thereof might be inferred from certain language there used.

5. **Same—Appeal from Order Re New Trial, Where Appeal from Judgment Dismissed—Former Decisions Distinguished.**

Wherein it was held in Carlberg v. Field, 33 S. D. 410, that

on appeal from order denying new trial, where a former appeal from a judgment alone had been dismissed, review of assignments of error presentable on former appeal would not be considered, the distinction between that case and the one at bar is, that here appeal from judgment was a nullity because not taken in time, the effect being the same as though no appeal had been taken.

6.  **Same—Review, Independent Remedies, Appeal from Judgment, From Order—Where Two Methods Are Open, Partial Pursuit of One, And Abandonment, Whether Bar to the Other—California Rule Distinguished.**

Wherein the California decisions hold that appeal from judgment and from an order denying new trial are independent remedies, and that on appeal from an order all matters before court on the motion are reviewable, such rule conflicts with Carlberg v. Field, supra, and Irwin v. Lattin, supra; and to keep this decision in harmony with those, the California rule is modified to extent of holding, that where two methods of reviewing same question are open, partial pursuit of one and its abandonment or determination are a bar to pursuit of the other, but mere failure to invoke the one does not bar invoking the other.

7.  **Same—Appeal from Judgment and Order, Appeal Re Judgment Too Late, Previous Submission Re New Trial, Effect Re Scope of Review of Order.**

Where appeal was originally from judgment and from order denying new trial, motion for new trial having been submitted and under advisement when time for appealing from judgment expired, and appeal from judgment is dismissed because too late, held, the situation is the same as though no appeal had been taken from the judgment; and as appeal was taken within the statutory sixty days, under it review may be had of all questions ordinarily subject to review by motion for new trial.

8.  **Corporations—Statutory Liability of Stockholder—Corporate Creditor's Non-reliance on Amount of Capital Stock, Reliance on Corporate Guarantee, Whether Rebuttal of Presumption of Reliance on Theory of Paid-up Stock.**

In a suit to enforce against an individual stockholder a judgment against the corporation; construing Sec. 441, Civ. Code (Sec. 8779, Rev. Code 1919), providing that a corporate stockholder is individually liable for corporate debts to extent of amount unpaid upon stock held by him; held, conceding, without deciding, the law to be that plaintiff, though not relying upon apparent amount of outstanding company stock when he contracted with it, and cannot therefore recover under said section, it avails defendant stockholder nothing; plaintiff's testimony showing he did not rely upon amount of capital stock

nor on amount of stock issued to parties to whom it was issued, but that he relied upon the company's guarantee, which induced. him to enter into the deal in question, he relying upon its financial responsibility, believing the stockholders had bought and paid for the stock, **Held,** further, such testimony does not rebut presumption or inferences that plaintiff relied on supposed fact that capital stock issued had been paid for as re-.quired by statute; he therefore relied on assumption that value had been given for the outstanding stock.

9. **Corporations—Stockholders Liability, Whether Reduced by His Set-off Against Corporation, Not Decided—Stockholder's Holdings Warranting Larger Judgment, Effect—Defendant's Set-off Against Corporation Considered—Non-reversal of Correct Judgment on Wrong Cocnlusion.**

Where, in a suit against individual stockholder to enforce a judgment against the corporation, under Sec. 441, Civ. Code (Sec. 8779, Rev. Code 1919), defendant seeks to evade liability on ground, as shown by findings, that his individual set-off against the corporation at time of initiation of plaintiff's right under a transaction of exchange of land for guaranteed preferred corporate stock, was greater than amount of his liability to plaintiff for. stock unpaid for; the evidence showing that appellant surrendered 250 of 750 shares he had owned, the other shareholders surrendering in proportion for· purpose of issuing preferred stock, only 287 shares of latter having been issued, the un-issued shares of preferred treasury ·stock being cancelled and the rest issued as common stock, defendant receiving 178¼ shares, so that if defendant owned but 500 shares, or $5000, of the stock at time of guarantee, and conceding (without deciding) the law to be as contended by him, yet, under the facts of record plaintiff would have. been entitled to a· larger judgment than he obtained, since company indebtedness for more than $30,000 taken up by defendant and for which he was allowed set-off, was incurred after he had again become owner of the 178¼ shares; trial court having found him to be equitable owner of said 178¼ shares before they were re-issued to him and during period after surrender of the 250 shares; there was therefore but one fund from which corporate creditors ·could enforce claim against him. Again, ·upon defendant's theory, viz: that he did not become owner of 178¼ shares until they were actually issued to him, then there were two funds—the one arising before, the other after date of such issuance; yet upon recognized principles of marshalling assets, plaintiff could have required his claim to be paid from the former fund· before defendant's set-off was allowed, which would have resulted in a larger judgment for plaintiff; defendant was therefore non-prejudiced by action of trial court;

since a right judgment should not be reversed because trial
court based its judgment on an erroneous conclusion.

**10.    Corporations—Corporate Guarantee of Preferred Stock, Whether
         Ultra Vires—Question Formerly Decided.**

Whether the corporate contract of guarantee of preferred
stock, given to plaintiff on an exchange therefor for land, was
ultra vires as matter of law, was adjudicated in Keyes v.
Blue Bell Medicine Co., 34 S. D. 297.

**11.    Corporations—Corporate Acceptance of Business Good Will at
         Valuation, Whether Conclusive—Bad Faith of Directors, Evi-
         dence Sustaining Finding Of.**

Whether action of a corporate board of directors, in accept-
ing a certain business and its good will at a specified valuation,
is conclusive as to value [under Sec. 423, Civ. Code, as amend-
ed by Laws 1907, Ch. 104, (Sec. 8775, Rev. Code 1919)] is
immaterial, trial court having found, upon ample evidence, that
such action of the board was not taken in good faith.

Appeal from Circuit Court, Codington County. Hon. CARL
G. SHERWOOD, Judge..

Action by D. L. Keyes against M. R. Baskerville, to en-
force against defendant personally a judgment theretofore ob-
tained against the Blue Bell Medicine Company. From a
judgment for plaintiff, and from an order denying a new trial,
defendant appeals; appeal from the judgment having been
dismissed. Order affirmed.

*McFarland & Johnson, J. G. McFarland* (A. K. Gardner of
counsel), for Appellant.

*Hanten, Hanten & Gault,* for Respondent.

(8) To point eight, Appellant cited: Randall Printing
Co. v. Sanitas Mineral Water Co., 139 N. W. 606-608 (5);
Cook on Corporations, 7th Ed., Section 46, page 203; Hospes
v. Northwestern Manufacturing Company, 48 Minn. 174, 31 A.
S. Rep. 637-646; Colonial Trust Company v. McMillan, 188 Mo.
547, 87 S. W. 933, 107 A. St. Rep. 335-349; Lea v. Iron Belt
Co. (Ala.), 8 L. R. A. (N. S.) 279; Bank of Fort Madison
v. Alden, 129 U. S. 372; 7 R. C. L., Sec. 369, page 386;
Clark and Marshall on Private Corporations, Vol. 3, page 2556.

Respondent cited: Randall v. Sanitas Mineral Water Co.,
129 Minn. 268, 139 N. W. 606; Handley v. Stutz, 139 U. S.
435, 11 Sup. Ct. Rep. 530.

(9) To point nine, Appellant cited: Seubert v. Scott et

al. (S. D.), 164 N. W. 75; Randall Printing Co. v. Sanitas Mineral Water Co., 139 N. W. 606-608; Hospes v. Northwestern Manufacturing Company, 48 Minn. 174; 31 A. St. Rep. 637-646-648; Cook on Corporations, 7th Ed., Vol. 1, pages 636-638.

Respondent cited: Mitchell v. Beckman, 64 Cal., p. 117; 28 Pac., p. 110; Thompson on Corporations, Vol. 7, p. 8667.

(11) To point eleven, Appellant cited: Sec. 423, Civ. Code 1903, as amended by Laws 1907, Ch. 104; Cook on Corporations, Vol. 1, 7th Ed., page 181.

GATES, J. This was originally an appeal from a judgment and an order denying a new trial. The motion for a new trial was submitted to the trial court on June 17, 1918, and taken under advisement. It was denied August 13, 1918. The time for appealing from the judgment expired June 30, 1918, so that the motion for a new trial had actually been submitted before the expiration of such period, and the rule announced in Grove v. Morris, 31 N. D. 8, 151 N. W. 779, would not apply. The appeal, so far as it purported to be an appeal from the judgment, was dismissed. Keyes v. Baskerville, 170 N. W. 143.

The question now is: What errors assigned may now be reviewed upon that portion of the appeal remaining, viz., the appeal from the order denying a new trial? Are we now permitted to review any alleged error that might have been reviewed upon the appeal from judgment?

As we understand the run of decisions of this court and of the courts of other states having statutes similar to ours, the following paragraphs lettered A, B, and C, cover the subject of what may be reviewed, and how, upon an appeal from an order denying a new trial and upon an appeal from a judgment. We have not attempted to cite all of the decisions of this court especially upon the phase of the matter relating to the insufficiency of the evidence to justify the verdict.

[1] A. The several kinds of questions described in the following six subdivisions of section 301, C. C. P. (section 2555, Rev. Code 1919), may not be reviewed on an appeal solely from a judgment:

(a) Questions of irregularity or abuse of discretion

described in subdivision 1.  As to the matters covered by this subdivision, see Hayne, New Trial & App. (Rev. Ed.), §§24-63.

(b)  Questions of misconduct described in subdivision 2. See Hayne, §§ 64-74a.

(c)  Questions of accident or surprise described in subdivision 3.  See Hayne, §§ 75-86.

(d)  Questions of newly discovered evidence described in subdivision 4.  See Hayne, §§ 87-93b

(e)  Questions of excessive damages described in subdivision 5.  Swallow v. First St. Bk., 35 N. D. 608, 161 N. W. 207.  See also Gamble v. Keyes, 39 S. D. 592, 165 N. W. 134. See Hayne, §§ 94-5.

(f)  Questions of insufficiency of evidence described in subdivision 6.  Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Norwegian Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Barnard & L. Mfg. Co. v. Galloway, 5 S. D. 205, 58 N. W. 565; Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Taylor v. Bank of Volga, 9 S. D. 572, 70 N. W. 834; McNab v. N. P. Ry. Co., 12 N. D. 568, 98 N. W. 353; Foss v. Van Wagenen, 20 S. D. 39, 104 N. W. 605; Stephens v. Faus, 20 S. D. 367, 106 N. W. 56; Subera v. Jones, 20 S. D. 628, 108 N. W. 26; Heald v. Strong, 24 N. D. 120, 138 N. W. 1114; Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338; Lee v. Clark Imp. Co., 31 S. D. 581, 141 N. W. 986; Cranmer v. Christian, 40 S. D. 202, 166 N. W. 1086.  See, also, Hayne, §§ 96-98.

There is an exception to this rule where the judgment is entered after the order denying new trial is entered.  In such case an appeal from the judgment brings up for review the order denying a new trial if such order is designated for review.  Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Granger v. Roll, 6 S. D. 611, 62 N. W. 970; Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Hagaman v. Gillis, 9 S. D. 61, 68 N. W. 192.

[2]  B.  The two following kinds of questions described in said section 301, C. C. P., may be reviewed upon a bill of exceptions (settled record) or upon the minutes of the court on an appeal from either a judgment or an order denying a new trial.

(g) The claim that the verdict or decision is against law described in subdivision 6. As to the definition and application of this clause, see Hayne, § 99; Gartner v. Mohan, 39 S. D. 202, 163 N. W. 647; Beck v. C. M. & St. P. Ry. Co., 39 S. D. 297, 164 N. W. 74.

(h) Errors in law occurring at the trial mentioned in subdivision 7. Wood v. Nissen, 2 N. D. 26, 49 N. W. 103; Jones Lbr. Co. v. Faris, 5 S. D. 348, 58 N. W. 813; Le Claire v. Wells, 7 S. D. 426, 64 N. W. 519; McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685; Carroll v. Nisbet, 9 S. D. 497, 70 N. W. 634; McNab v. N. P. Ry. Co., 12 N. D. 568, 98 N. W. 353; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Hedderich v. Hedderich, 18 N. D. 488, 123 N. W. 276; Russell v. Olsen, 22 N. D. 410, 133 N. W. 1030, 37 L. R. A. (N. S.) 1217, Ann. Cas. 1914B, 1069; Grasinger v. Lucas, 24 S. D. 42, 123 N. W. 77; H. C. Behrens Lbr. Co. v. Lager, 25 S. D. 139, 125 N. W. 574; Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338; Williamson v. Voedisch Jewelry Co., 35 S. D. 390; 152 N. W. 508; In re Roberts' Estate, 170 N. W. 580; Hayden v. City of Sisseton, 171 N. W. 88; Hayne, §§ 100-132.

[3] C. Matters appearing upon the face of the judgment roll without the necessity of the settlement of a record may only be reviewed on an appeal from the judgment, viz.: In relation to the pleadings; as to whether the findings of fact support the conclusions or judgment; as to whether the verdict supports the judgment; and questions as to the correctness of intermediate orders necessarily affecting the judgment (other than orders referred to in subdivision 1 of said section 301, C. C. P.). Hayne, § 186; Hackett v. Gunderson, 1 S. D. 479, 47 N. W. 546; Pierce v. Manning, 2 S. D. 517, 51 N. W. 332; Norwegian Plow Co. v. Bellon, 4 S. D. 384, 57 N. W. 17; Parker v. Vinson, 11 S. D. 381, 77 N. W. 1023; Brown v. Brown, 12 S. D. 380, 81 N. W. 627; Loiseau v. Threlstad, 14 S. D. 257, 85 N. W. 189; Plunkett v. Hanschka, 14 S. D. 454, 85 N. W. 1004; Blackman v. City of Hot Springs, 14 S. D. 497, 85 N. W. 996; Sweatman v. Bathrick, 17 S. D. 138, 95 N. W. 422; Neeley v. Roberts, 17 S. D. 161, 95 N. W. 921; Wolf v. Sneve, 23 S. D. 260, 121 N. W. 781; Goldberg v.

Sisseton L. & T. Co., 24 S. D. 49, 123 N. W. 266, 140 Am. St. Rep. 775; Hardin v. Graham, 38 S. D. 57, 159 N. W. 895; Christofferson v. Wee, 24 N. D. 506, 139 N. W. 689; Miller Co. v. Minckler, 30 N. D. 360, 152 N. W. 664; Fairmount & V. Ry. Co. v. Bethke, 37 S. D. 446, 159 N. W. 56; In re Roberts' Estate, 170 N. W. 580; Hayden v. City of Sisseton, 171 N. W. 88.

[4] We have positively asserted the rule as to paragraph A (f) notwithstanding the fact that in Irwin v. Lattin, 29 S. D. 1, 135 N. W. 759, Ann. Cas. 1914C, 1044, there was expressed on page 5, par. 3, 29 S. D., and page 761, 135 N. W. (Ann. Cas. 1914C, 1044), a doubt as to the proper interpretation of the last sentence of section 463, C. C. P., and we have also positively asserted the rule as to paragraph B (h) notwithstanding the fact that in Hepner v. Wheatley, 34 S. D. 338, 148 N. W. 594, a doubt thereof might be inferred from the language on page 341, par. 1, 34 S. D., and page 595, 148 N. W.

[5] In Carlberg v. Fields, 33 S. D. 410, 146 N. W. 560, this court held upon an appeal from an order denying a new trial, where a former appeal from the judgment alone had been dismissed, that it would not consider assignments of error that might have been presented upon the former appeal. The distinction between that situation and this is that there a valid appeal had been taken and dismissed upon its merits. Here the appeal from the judgment was a nullity because not taken in time and the effect is the same as though no appeal had been taken. Aldrich v. Pub. Op. Pub. Co., 27 S. D. 589, 132 N. W. 278; Hayne, pp. 1517-1519.

In Irwin v. Lattin, supra, this court assumed, without deciding, that the sufficiency of the evidence to sustain the findings in a court case might be reviewed upon an appeal from the judgment or upon appeal from the order denying new trial. It then held that because after judgment there had been a motion for new trial which had been denied, and because no appeal had been taken from the order denying same, the court would not review that question on an appeal from the judgment.

In King v. Hanson, 13 N. D. 85, 99 N. W. 1085, the court

said (their practice on new trial and appeal being like ours):

"The first ground of the motion is based upon the assumption that the time for appealing from an order granting or refusing a new trial expires when the time for appealing from a judgment has expired. This is erroneous. The remedy afforded by an appeal from a judgment and the remedy by appeal from an order granting or refusing a new trial are wholly independent remedies. A party aggrieved may invoke one or the other, or both, at his election, provided only he does so within the time and in the manner provided by statute. The periods of time in which these independent rights may be exercised are fixed by the statute, and are in no respect dependent one upon the other."

See, also, McCann v. Gilmore (N. D.) 172, N. W. 236.

In Mueller Lbr. Co. v. McCaffrey, 141 Iowa, 730, 118 N. W. 903, no appeal had been taken from the judgment. The appeal from the order denying a new trial was taken after the right to appeal from the judgment had expired, but within the time allowed for an appeal from the order. It was held that the matters reviewable on motion for new trial might be reviewed on appeal, although some of them might have been reviewed on an appeal from the judgment.

[6] The California decisions also hold that an appeal from the judgment and from an order denying new trial are independent remedies and that upon appeal from the order all matters before the court on the motion can be reviewed. Hayne, § 2; Houser, etc., Mfg. Co. v. Hargrove 129 Cal. 90, 61 Pac. 660; Riverside Water Co. v. Gage, 108 Cal. 240, 41 Pac. 299; Brison v. Brison, 90 Cal. 323, 27 Pac. 186. But as broadly stated as that the California decisions conflict with Carlberg v. Fields, supra, and Irwin v. Lattin, supra. To keep this decision in harmony with those, we must modify the California rule to the extent of holding that, where two methods of reviewing the same question are open, the partial pursuit of one and its abandonment or determination constitute a bar to the pursuit of the other; but the mere failure to invoke the one is not a bar to the invoking of the other.

[7] We therefore hold in the present case that inasmuch

as the motion for new trial had been submitted to the trial court
before the right to appeal from the judgment had expired, and
inasmuch as the appeal from the judgment was abortive and
the situation is the same as though no appeal had been taken
from the judgment, and inasmuch as this appeal was taken
within the 60 days prescribed by statute, therefore on this
appeal all questions may be reviewed that are ordinarily the
subject of review by the motion for new trial.

We come now to the merits of the appeal. This action
was begun on February 10, 1915, to recover from defendant,
as a stockholder in the Blue Bell Medicine Company, the sum
of $19,791.95 and interest; that sum being the amount of a
judgment obtained by plaintiff against the company on October
14, 1914. See Keyes v. Blue Bell Medicine Co., 34 S. D. 297,
148 N. W. 505. This action was brought under the provisions
of section 441, C. C. (section 8779, Rev. Code 1919), a portion
of which is as follows:

"Each stockholder of a corporation is individually and per-
sonally liable for the debts of the corporation to the extent of
the amount that is unpaid upon the stock held by him. * * *"

The trial court found that defendant was at all times the
owner of 678¼ shares of stock in the company of the par
value of $100 per share; that he had only paid therefor the
sum of $2,500, so that his liability on said shares was $65,325;
but that he was entitled to a set-off for claims held by him
against the company to the amount of $56,717.13. Judgment
was therefore rendered against defendant for the sum of $8,707.87.

[8] Appellant first contends that plaintiff did not rely
upon the apparent amount of outstanding capital stock of the
company when he contracted with it, and therefore that he
cannot recover under the above section of statute. The prin-
ciples and authorities relied upon are grouped in section 3595,
vol. 5, Fletcher's Cyc. Corp. If we should concede the law
to be as claimed, yet it would avail appellant nothing. Respond-
ent testified flatly that he did not rely upon the amount of
capital stock of the corporation, nor upon the amount of stock
that had been issued to the parties to whom it was issued. He
testified that it was the guaranty that induced him to enter into
the deal, and that he did rely upon the financial responsibility

of the company. He also testified that he believed the stock-holders had bought the stock and paid for it. We think that this testimony does not rebut the presumption or inference that respondent relied upon the supposed fact that the capital stock issued had been paid for as the law of South Dakota requires. If he relied upon the financial responsibility of the company, and upon the guaranty, he relied, so far as the evidence shows, upon the assumption that value had been given for the $300,-000 of stock issued. The trial court found that only $10,000 in value had been paid for such stock issued.

[9] Appellant next contends that, at the time the corporation incurred the obligation with respondent, he was the owner of only $50,000 of the capital stock of the corporation, and, as he had already paid out more than that sum for the corporation, as evidenced by the set-off allowed in the findings, no judgment should have been rendered against him in this action. The evidence tended to show that appellant originally was the owner of 750 shares of stock of the company; that he surrendered 250 shares, and the other shareholders surrendered shares in like proportion for the purpose of issuing shares of preferred stock; that only 287 shares of preferred stock were issued, and thereafter and on August 10, 1909, the unissued 713 shares of preferred treasury stock were canceled and re-issued as common stock, of which the appellant received 178¼ shares. The claim of respondent upon which the judgment against the company was rendered arose by reason of his exchange of land for shares of the guaranteed preferred stock issued to him on November 25, 1908, and a formal guaranty by the company issued to him November 28, 1908. If we should hold that appellant was the owner of only 500 shares, or $50,000, of the stock of the company at the time of the guaranty, and should again concede the law to be as contended for by appellant, yet under the facts shown in the record respondent would have been entitled to a larger judgment than he obtained, because indebtedness of the company to the extent of more than $30,000 taken up by the appellant, and for which he was allowed a set-off, was incurred after appellant had again become the owner of the 178¼ shares. Upon the theory of the trial court that appellant was in fact the equitable owner-

of said 178¼ shares during the period after the surrender of 250 shares to the company and before the reissue to appellant of said 178¼ shares, there was but one fund from which creditors of the company could enforce claims against appellant. If appellant's contention is correct that he ceased to be the owner of 250 shares at the time of surrender and did not again become the owner of the 178¼ shares until August 10, 1909, then there were two funds—the one arising prior to August 10, 1909, and the one arising after that date. If appellant's theory is correct, yet, upon recognized principles of marshaling assets, respondent could have required his claim to be paid out of the former fund before that portion of the set-off amounting to $30,000 was allowed. If that had been done, a judgment, as declared by the conclusions of law, would have been rendered against appellant for $18,159.11. Appellant therefore was not prejudiced by the ruling complained of. No rule of law is more firmly established than that a right judgment should not be reversed because the trial court based its judgment upon an erroneous conclusion. In re Yankton-Clay County Drainage Ditch, 38 S. D. 168, 160 N. W. 732; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

[10] It is next contended that the contract of guaranty was ultra vires as a matter of law and not authorized as a matter of fact. The answer to this is that the judgment rendered pursuant to the mandate of this court in Keyes v. Blue Bell Medicine Co., supra, was an adjudication of those questions.

[11] Appellant next contends that the action of the board of directors taken in good faith accepting the business of the Hardy Drug Company at the value of $300,000 is conclusive as to that value. Section 423, C. C., as amended by chapter 104, Laws 1907 (section 8775 Rev. Code 1919). The trial court specifically found that such action of the board of directors was not taken in good faith, and there was ample evidence to sustain that finding.

Other minor assignments of error we do not deem worthy of special consideration. No error prejudicial to appellant appears from the record.

The order denying a new trial is affirmed.